## WALKER v. HALEY.†

(Court of Civil Appeals of Texas. El Paso. April 25, 1912. Rehearing Denied May 15, 1912.)

INJUNCTION (§ 36*)—RIGHT TO REMEDY—TITLE INVOLVED.

Equity will not enjoin the completion nor require the removal of a fence located upon land, the title to which is in controversy, where the determination of the issues necessarily requires the determination of such title, but the proper remedy is by an action in trespass to try title.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 82–84; Dec. Dig. § 36.*]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Action by Lawrence Haley against J. W. Walker. From a judgment for plaintiff granting equitable relief, defendant appeals. Reversed and remanded.

J. D. Martin, of Alpine, for appellant. Chas. Rogan, of Austin, W. Van Sickle, of Alpine, and W. B. Teagarden, of San Antonio, for appellee.

PETICOLAS, C. J. In this case Haley sued, alleging that he was the owner in fee simple and entitled to possession of sections 22 and 23 in block W J G 8, and the N. E. ¼ of section 4, and all of section 5, in block 13. The following diagram illustrates the location of these tracts of land:

He alleged that the defendant was wrongfully and unlawfully building a line of fence across the north end of section 5 and the N.

E. ¼ of section 4, that such fence would interfere with plaintiff's possession, use, and occupancy of his land, and that the defendant is insolvent.

The defendant answered that he had built no fence on sections 4 and 5 on land owned by plaintiff; that he had built a fence, which was evidently the one referred to by plaintiff, on land which he himself owned and was entitled to the possession of.

From the trial court's findings of fact we ascertain that plaintiff owned 22 and 23 by patent and the N. E. ¼ of 4 and section 5 by patent; that the defendant is in possession of the N. W. ¼ of 4 and the S. ½ of 4 by purchase and award from the land commissioner; that he is also in possession of about 761 acres of land which lies in a strip between block W J G 8 and block 13, and is described as survey No. 1, block L H, as appears on the diagram appending hereto. The findings of fact show that the first maps show block 13 and block W J G 8 as adjoining; that in the year 1889 these blocks were resurveyed by state surveyor, leaving a strip of approximately 761 acres lying between the blocks. In September, 1900, plaintiff leased this vacant strip from the state. In June, 1905, plaintiff made the affidavit required by section 8 of the act approved April 15, 1905 (Acts 29th Leg. c. 103), for the survey of the aforesaid vacant strip. In July, 1905, the survey was made by the county surveyor. In May, 1907, plaintiff transferred his lease to one Thomas, without consideration, and to enable him to purchase as an actual settler and have the preference right given by the lease. He (Thomas) applied to purchase, and in October, 1907, his purchase was canceled. While the findings of the court show only inferentially, the testimony shows directly that the defendant Walker applied to purchase the strip of 761 acres on the 10th day of March, 1911, and on June 22, 1911, the defendant Walker was awarded the land by the Commissioner of the General Land Office.

Appellant's assignments and propositions raise the question that, the state having sold this land to an actual settler (Walker), the plaintiff Haley will not be permitted to treat the state's vendee as a trespasser and eject him by an equitable proceeding, when he has a plain legal remedy in an action of trespass to try title, to which the appellee answers: "The owner of land has the right to the unrestricted use of it, and when a trespasser enters upon his land, without authority, and erects fences thereon in such manner as to take a part of his land and at the same time inflict damage and great inconvenience and annoyance upon him, * * * the owner is not bound to endure the tedious delays and take the risk of redress in an action at law, * * * but may in this state at once file his action to oust the trespasser and may resort to the more

† Application for writ of error dismissed by Supreme Court June 26, 1912.

speedy and efficacious remedy of injunction to prevent damage. * * * The court in this case enjoined the defendant Walker from taking possession of any part of, or interfering with the possession and enjoyment by Haley of any part of, the N. E. ¼ of section 4, and mandatorily ordered that Walker remove the fence erected by him on the north line of said 160 acres of land— that is to say, from the southwest corner of section 23—being also the northeast corner of said 160-acre tract, and the southeast corner of section 22; thence westward 950 varas, along the south boundary line of section 22. This judgment not to prejudice the right of either party to bring suit for the right of or to any of the land involved herein."

We need not discuss any of the technical questions raised as to whether an injunction will lie for trespass pure and simple. It is apparent from the testimony and from the conclusions of law and fact of the court that whether this fence is on Haley's land or whether it is on Walker's land, and he has the right to keep it there, is dependent on who, in fact, owns the 761-acre strip. It is apparent that, if the N. E. ¼ of 4 extends to the southern line of 22 and 23, there is no vacant strip there. It is equally apparent that if, in fact, there is a vacant strip there, then the lines of the N. E. ¼ of 4 do not extend to 22 and 23. It is also apparent that the defendant Walker has regularly purchased the vacant strip as being on the ground, and that the fence complained of is on the vacant strip. The premises indubitably establish that no determinative judgment can be rendered without determining whose is the title to said strip of land. This suit not being one in trespass to try title, it is apparent that the title cannot be adjudicated herein. As the title cannot be adjudicated, there can be no final and determinative adjudication of the right to maintain the fence where it is. Therefore the case must be reversed and remanded. As illustrative of what we have said, it is but necessary to refer to the court's judgment. This commands the defendant to remove the fence on N. E. ¼ of section 4, describing it as on the north line of N. E. ¼ of 4 as being the south line of section 22, but it is nowhere determined in this case, nor can it be determined in this case that section 4, in fact, extends to section 22. Should appellant fail to obey said injunction and be in contempt, he might perhaps defend upon the ground that the fence which he maintains is not on the N. E. ¼ of section 4. Therefore the case is reversed and remanded to allow appellee the opportunity to amend and sue in trespass to try title; it being apparent from the opinion rendered that no relief can be given under the present attitude of the pleadings.

Reversed and remanded.