## SANCHES v. NEWMAN et al.

(Court of Civil Appeals of Texas. El Paso. June 12, 1913.)

INJUNCTION (§ 123*)—TRESPASS TO LAND—TITLE TO SUPPORT—PLEADING AND PROOF.

To entitle plaintiff to an injunction restraining defendants from trespassing upon real estate upon which they were building a fence, on the ground that it belonged to plaintiff, he must plead and prove such title as would entitle him to possession of the premises as against defendants.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 270; Dec. Dig. § 123.*]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Action by Julian Sanches against Charles M. Newman and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

C. L. Vowell and Turney & Burges, all of El Paso, for appellant. John L. Dyer, C. W. Croom, and T. A. Falvey, all of El Paso, for appellee.

HARPER, C. J. This is an appeal from an order of the district court dissolving a temporary writ of injunction theretofore granted upon application by appellant, which said order restrained the appellees from trespassing upon certain real estate, in that they were building a fence around the premises which appellant claimed to own and to be in actual possession of.

Inasmuch as the rights of the parties to the land may ultimately be determined by trial of the case on its merits, we shall refrain from discussing the evidence.

In order for appellant to be entitled to the relief asked for, it was necessary for him to plead and prove such title as against appellee as would entitle him to possession of the premises, and this is not a suit in trespass to try title, nor has the appellant pleaded any title, so no determinate judgment can be rendered as to whose is the title to the land charged to be invaded; therefore neither can the question of the right to maintain the fence where it now is be determined.

The judgment of the lower court must therefore be affirmed. Paul v. City of El Paso, 131 S. W. 438; Walker v. Haley, 147 S. W. 360.