**WILLIAMSON et al. v. HALL.**

· No. 5784.

Court of Civil Appeals of Texas. Amarillo.
May 5, 1947.

Rehearing Denied June 9, 1947.

———◆———

R. T. Meador, of Dallas, for appellants.

Geo. Clifton Edwards, of Dallas, for appellee.

LUMPKIN, Justice.

Appellants, Dora Stevenson Williamson and her husband, Emert Williamson, instituted this suit for the purpose of enjoining the appellee, J. W. Hall, from trespassing on their land. In their second amended petition, appellants allege that they were the owners and in possession of certain described land located in Dallas County, Texas; that appellee was the owner of a nearby tract of land; that appellee, in order to reach the highway, was using a portion of appellants' land as a road; and that the use of this land by appellee was damaging appellants' property. Appellants prayed the injunction be made perpetual and appellee be assessed damages in the amount of $1,000.

To appellants' petition, appellee filed several exceptions, a general denial and a sworn plea of not guilty to the trespass. Appellee specially pleaded that the roadway easement had existed 10 years prior to the time appellants purchased the premises; that appellants bought the land knowing it to be encumbered by the roadway easement; that the roadway easement was the sole means of egress and ingress to appellee's land; and that the roadway had been a clearly marked, used and established public roadway for more than 20 years.

The trial court overruled all of appellee's exceptions save two, one of which contends that trespass to try title is the proper action in cases of this nature. Appellants refusing to amend their pleadings in accordance with this ruling, the trial court dismissed the suit. From this order the appellants have appealed.

In controversies of this nature it is well settled that the equitable remedy of injunction is not to be substituted for the legal remedy of trespass to try title. If appellants' request for a perpetual injunction should be granted by the court it would protect them in the possession of the premises involved as effectively as would a judgment for title and possession in an action of trespass to try title; and this in the face of appellee's allegation of possession which creates an inference of title, a rebuttable presumption. Johnson v. Bryan, 62 Tex. 623; Paul v. City of El Paso, Tex.Civ.App., 131 S.W. 438. If an injunction should be granted appellants, the court would by his order make conclusive from the proof of possession alone the inference of title. With appellee pleading a roadway easement, right of possession can only be obtained by an action by which title to the premises is adjudicated. Marshall v. Smith, Tex.Civ.App., 55 S.W.2d 872; West v. Culpepper, Tex.Civ.App., 159 S.W.2d 961. We believe the court's order sustaining ap-

pellee's exception is immaterial and does not affect the paramount question involved in this case, i. e. the right of possession. We believe the court erred in dismissing this case because a careful reading of the petition reveals that appellants pleaded all of the statutory requirements of an action of trespass to try title, and that the appellee in his answer joined the issue. In fact the plea of not guilty to the trespass raises the issue. Hughes v. Hughes, Tex.Civ.App., 170 S.W. 847. Whether appellee is in possession of the land under a claim of title, as asserted by his allegation of roadway easement, or whether he is a naked trespasser, is unimportant as far as the nature of this case is concerned. Hays v. Texas & P. Ry. Co., 62 Tex. 397. It is to be noticed that appellants in their prayer failed to ask to be let into possession of the premises; however, their prayer is general and we believe this adequate. Texas Rules of Civil Procedure, Rule 783; Alfalfa Lumber Co. v. Mudgett, Tex.Civ.App., 199 S.W. 337. This, in our opinion, being the controlling question in the case, we deem it unnecessary to discuss the other contention raised by appellants.

We are convinced that the trial court's dismissal of this case was error; therefore, the judgment is reversed and the cause remanded.