**FIRST METHODIST CHURCH v.
JINKINS et al.
No. 4605.**

Court of Civil Appeals of Texas. Beaumont.
March 17, 1949.

H. L. Edwards, of Nacogdoches, for appellant.

McAlister & Tucker and Fulmer & Fairchild, all of Nacogdoches, for appellees.

COE, Chief Justice.

This action was brought by The First Methodist Church of Nacogdoches, Texas, against J. Farris Jinkins and Mrs. John D. Ruple as against the appellee J. Farris Jinkins. The action was for specific performance of a certain contract to remove certain improvements from property deeded by him to The First Methodist Church as well as for damages. As against the appellee Mrs. John D. Ruple, appellant sought a decree denying she had any claim, title or right to the premises and ousting her from the possession thereof. The trial was before a jury, but by agreement the jury was discharged and the cause determined by the trial court, who found for the appellees and entered judgment that the appellant take nothing. The appellant, who was plaintiff in the trial court, in substance alleged that on or about March 22, 1947, the appellee J. Farris Jinkins executed and delivered his general warranty deed to the Church to a certain lot situated in the City of Nacogdoches, Texas, being a part of lot No. 33 and all of lot No. 23-A and a part of lot No. 32 in Block 2 in said city,

describing the same by metes and bounds; that prior to the execution of the deed, to-wit, on or about the 20th day of March, 1947, the appellee J. Farris Jinkins contracted in writing to said church to move certain houses situated upon said land on or before April 1, 1948; that at the time of the institution of this suit and at and prior to the time of the execution of the contract Mrs. John D. Ruple was residing in a house situated on the premises involved and that the appellee Jinkins had failed and refused to remove the house in which she was residing from the premises.

As against the appellee Mrs. John D. Ruple, the appellant alleged that Mrs. Ruple was, at and before the time the deed and contract were executed by appellee Farris to the appellant, residing in a house situated upon the premises involved; that she had failed and refused to vacate the property when requested to do so; that she was not a tenant of the appellant nor in any way a party to the deed or contract, but was a tenant of appellee Jinkins or occupying the house and property by virtue of some contract with Jinkins; that the appellee Mrs. Ruple claims some rights, title or interest in said property and should be required to answer and assert whatever claim, title or interest which she might have and show why she should not vacate the house or land.

As against the appellee Jinkins, appellant sought specific performance of the contract alleged requiring him to remove the improvements from the land, including the house where Mrs. Ruple resides, and in the alternative for damages, including exemplary damages, and, further in the alternative, for damages of breach of warranty. As against the appellee Mrs. Ruple appellant prayed that a decree be rendered denying her any claim, rights or title to the premises and ousting her from the possession thereof.

The appellee Mrs. Ruple answered by a general denial and by a plea alleging that she had had legal possession of the property involved continuously for a number of years before the death of her father, J. Pat Jinkins, by virtue of a life estate to said premises conveyed by her father, J. Pat Jinkins, and approved, recognized, honored and ratified at all times by her brother, J. Farris Jinkins, up to a very recent date and denied all allegations in appellant's petition wherein her life estate to said premises is disputed or questioned.

Upon proper request being made by appellant the trial court filed its findings of fact and conclusions of law:

### Findings of Fact

(1) As between J. Farris Jinkins and the Church whatever title, if any, J. Farris Jinkins had in and to the premises involved and the improvements thereon situated was vested in the First Methodist Church upon the execution and delivery of the deed from Jinkins, subject only to the right of Jinkins, reserved in the contract, to remove the improvements from the premises within 12 months from and after April 1, 1947.

(2) The defendant Mrs. Ruple is in possession of the premises involved and has been in possession of such premises for many years. She was in possession of the premises when the deed from Jinkins to the Church was executed and delivered.

(3) The evidence does not establish that, as against the defendant Mrs. Ruple, the plaintiffs have the title to the premises in her possession or a better present right to the possession of such premises than Mrs. Ruple.

(4) Though the deed in evidence to C. D. Thomas, trustee, is executed by J. Farris Jinkins individually and as executor of the estate of J. Pat Jinkins, there is no evidence that J. Pat Jinkins is dead, that he left a valid will, that J. Farris Jinkins was his executor, that J. Farris Jinkins was empowered to sell the property involved, or that the probate records had been lost or destroyed.

(5) The plaintiffs, by their written briefs filed herein, have asserted that the action brought herein by them is not an action in trespass to try title, in that plaintiffs' petition is not sufficient and is not in accordance with the rules of law applicable to pleading in trespass to try title.

(6) The plaintiffs, by their written brief filed herein, have asserted that the title to the land involved is not placed in issue by plaintiffs' pleading.

(7) The plaintiffs have not alleged that they have title to or the present right to the possession of the premises involved, as against the defendant Mrs. Ruple.

(8) The plaintiffs, by their written brief, filed herein, have expressly waived their right, if any, to any relief sought by them as against the defendant, J. Farris Jinkins, save and except that right, if any, to specific performance by J. Farris Jinkins of the written contract which is in evidence herein.

(9) Except from the presumption arising from the possession of Mrs. Ruple, there is no evidence that J. Farris Jinkins, individually, either did or did not have title to the premises involved when he undertook to convey them to the Church.

### Conclusions of Law

(1) One who seeks to recover the title or the possession of real estate can recover only on the strength of his own right, and not upon the weakness of his adversary's. Mrs. Ruple is in possession of the premises and has been for many years. Her possession is prima facie evidence of a legal right to possess such premises. Since the plaintiffs have failed to establish that they have title or a better right to the possession of such premises, the relief sought against the defendant Mrs. Ruple must be denied.

(2) Plaintiffs are not entitled, as against J. Farris Jinkins to an order requiring him to remove the improvements from the land because (1) the contract as between the Church and Jinkins merely conferred a right on J. Farris Jinkins to remove the improvements within 12 months from April 1, 1947, and did not impose the duty on him to remove them either within or after such 12 month period; (2) in any event such an order would be ineffective and futile without at the same time decreeing the ouster of the defendant Mrs. Ruple from the possession of the premises, which cannot be done for the reasons heretofore stated.

(3) The plaintiffs having expressly waived their plea for the recovery of damages, and there being no evidence to warrant the assessment of damages against J. Farris Jinkins in any event, either for breach of contract or for breach of warranty, all relief sought by plaintiffs against J. Farris Jinkins should be denied.

Appellant contends on this appeal that the trial court erred in holding that the appellant is the owner of all improvements located on the land in question and in not holding the appellee J. Farris Jinkins to be the legal owner of such improvements, and in not ordering said appellee to remove said improvements from the land; that the trial court erred in refusing to enter judgment for appellant as against the appellee Mrs. John D. Ruple to the effect that she had no right, title or interest in any part of the land and property in controversy, and further rendering judgment requiring her to vacate said property and premises and authorizing the issuance of a writ of possession or restitution in favor of appellant.

The contract between appellee Jinkins and the appellant, the specific performance of which was sought, omitting the formal parts is as follows:

"Whereas, J. Farris Jinkins and wife of Nacogdoches, Texas, are conveying to C. D. Thomas, trustee, a lot fronting along the West margin of North Fredonia Street, approximately 218 feet, beginning at the intersection of North Fredonia Street and Hospital Street and extending Northwardly along the West margin of North Fredonia Street to an iron stob which will be approximately 218 feet, not yet measured, and then extending westwardly to the properties of the First Methodist Church, upon which there is located two houses, now being rented by the said J. Farris Jinkins, and

"Whereas, it has been agreed between the parties that J. Farris Jinkins will retain all improvements on said lot, and shall have nine (9) months from and after April 1, 1947 in which to remove the same, without the payment of any rental to the said C. D. Thomas, trustee, or to the said First Methodist Church, who, it is understood, is the real purchaser of said property, and if he is unable to vacate the said two houses and remove the same within said nine months' period, shall have an additional time in which to remove same;

"Now, therefore, it is agreed by the First Methodist Church, acting herein and through its Chairman of the Board of Stewards, and the said C. D. Thomas, trustee, and J. Farris Jinkins that the ownership of all of the improvements on said lots is being retained and is the property of the said J. Farris Jinkins, regardless of the provisions of said deed, and that J. Farris Jinkins will have and is hereby given nine (9) months from and after April, 1947 in which to remove said improvements from said lots, and it is further agreed that if at the expiration of said nine months' period the same J. Farris Jinkins has been unable to remove said improvements, then he shall have an additional ninety day period, provided however that during said additional ninety day period any rentals collected from said houses shall be paid by J. Farris Jinkins to said Church. J. Farris Jinkins agrees in conformity with said Church to immediately notify the tenants in said houses of said sale and make demand for possession, and to use reasonable diligence in removing said improvements within said nine months' period, and shall not be liable for any damages to the land in the removal of said improvements. Aaron B. Cox signs as chairman of the building committee of said Church."

This contract was dated March 20, 1947, and executed by all parties concerned. The general warranty deed under which appellant claims said property was executed on March 22, 1947 by J. Farris Jinkins, individually and as executor of the estate of J. Pat Jinkins, deceased, and by Era I. Jinkins, wife of the said J. Farris Jinkins, conveying the property in question to C. D. Thomas, trustee (who was shown to be holding such property for the use and benefit of the appellant, First Methodist Church of Nacogdoches, Texas). No mention of reservation of the improvements on said land was made in this deed. It was further shown that on March 11, 1948 the appellee Jinkins addressed a letter to the appellant in which he advised appellant that he would be unable to remove the house occupied by appellee Mrs. John Ruple by the 1st of April, 1948, and further that he was of this date forfeiting his rights to this building and relinquishing all rights or interest that he may have under the reservation contained in said contract insofar only as it affects the Ruple building to the appellant. By letter dated March 19th, appellant demanded appellee Jinkins to fully comply with the provisions of his contract and more especially remove all improvements or buildings, including the Ruple house, off and from the Church property by April 1, 1948. There is other evidence in the record with reference to the deed and contract between the appellant and appellee Jinkins, but inasmuch as the evidence is practically undisputed and no question is raised concerning same, we do not feel it necessary to further summarize it other than to say that the evidence is sufficient to support all the findings of fact made by the trial court.

With reference to the contract involved, the appellant contends that the terms thereof required the appellee Jinkins to remove the improvements from said land within twelve months from April 1, 1947. This is the main contention in this appeal. We agree with the construction of this contract made by the trial court, that is, that said contract merely conferred a right to J. Farris Jinkins to remove the improvements within twelve months from April 1, 1947, and did not impose a duty on him to remove either within or after such twelve months' period. We find nothing in the contract either expressed or implied whereby appellee Jinkins undertook to bind himself to remove the improvements from the property involved. There is no question of forfeiture involved in the sense as presented by appellant. The only sense in which "forfeiture" is involved in this case is the fact that appellee Jinkins forfeited his rights under the contract to remove the improvements in question from the land involved. The effect of the contract was to grant to the appellee Jinkins the right to remove the improvements in question within twelve months from April 1, 1947. When he failed to exercise such right within the time prescribed he simply lost his right to remove such improvements and as a matter of law they became the property of appellant. Under this state of facts the

trial court was correct in denying appellant an order directing appellee Jinkins to remove the improvements from said property. The trial court having found that appellant expressly waived its plea for recovery of damages there is no necessity for discussing this phase of the case. As to the appellee Mrs. John D. Ruple, we are at a loss to understand what relief, if any, the trial court could have granted as against her. The suit, as was found by the trial judge, is not a suit in trespass to try title, neither is the right of possession of the property put in issue by the pleadings. Appellant's pleadings as applicable to its cause of action against the appellee Mrs. Ruple is contained in paragraph 7 of its petition and is as follows: "Plaintiff alleges that the defendant Mrs. John D. Ruple, who is a feme sole, is claiming some right, title or interest, in the property herein conveyed to said Church, or especially some right, title or interest in said house located on the property herein conveyed said Church, and for that reason she is made a party defendant, and requested to answer herein and assirt whatever claim, title or interest she may have, if any, to either the land conveyed or the improvements thereof, so that her rights, if any, may be properly adjudicated, and to show why she should not vacate said house or land, and more especially the land belonging to said Church," and prayed for judgment against her that she be in all things denied any claim, right or title to any part or parcel of said land, for cost of suit and for general relief. Upon ample evidence the trial court found that Mrs. Ruple had been in possession and occupying the house in question for many years, and was in possession of same when the deed from Jinkins to the Church was executed and delivered. The appellant neither alleged nor proved that she was wrongfully in possession of the property or that it was entitled to the possession thereof as against the appellee Mrs. Ruple. Regardless of whether appellant has title to the land involved, which was not shown other than by the deed from appellee Jinkins, it would not have been entitled to a judgment against Mrs. Ruple ousting her from the possession thereof. Had the trial court undertaken to grant appellant such relief it would necessarily have been in fact a mandatory injunction requiring her to vacate such property. It is well settled in this state that such relief cannot be granted the owner of real property out of possession against one in possession. This, for the reason that the owner has a plain and adequate remedy at law and therefore cannot invoke the equity power of the court to enforce his rights. See: City National Bank v. Folsom, Tex.Civ.App., 247 S.W. 591; Hill v. Brown, Tex.Com. App., 237 S.W. 252; Barton v. Tharp, Tex. Civ.App., 27 S.W.2d 885 and Lewis v. Hoerster, Tex.Civ.App., 92 S.W.2d 537.

No reversible error being shown in the record, the judgment of the trial court is affirmed.

WALKER, J., disqualified and not sitting.