J. C. BRUCE et ux., Appellants,

v.

Mrs. Minnie Foster MOORE, Appellee.

No. 3236.

Court of Civil Appeals of Texas.

Waco.

March 24, 1955.

Rehearing Denied April 14, 1955.

Watson C. Arnold, Waco, for appellants.

Bryan, Maxwell, Bryan & Wilson, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order granting a temporary injunction restraining appellants Bruce and wife and the Allied Fence Company from building a fence. Appellee Mrs. Moore and appellants Bruce and wife are adjoining property owners. Parties will hereafter be referred to as in the trial court. Plaintiff Mrs. Moore filed suit against defendants Bruce and wife and the Allied Fence Company, alleging that defendants Bruce and wife own property adjoining property of plaintiff, and that there is a tract of land approximately 4 feet wide lying between the residences of plaintiff and defendants, *the title to which is in dispute.* Plaintiff alleged that the 4 feet in dispute is included within her deed and that in addition she has been in possession of it for 13 years and has claimed it adversely to all persons during that period. Plaintiff further alleged that the defendants were about to erect a fence enclosing the 4 feet *in dispute,* and prayed for a temporary restraining order restraining defendants from building the fence, and upon hearing, for a temporary injunction restraining defendants from building the fence. *Plaintiff's petition contains no count for trespass to try title, nor is any final adjudication of the title to the 4 feet area in dispute sought in the case at bar.*

The trial court granted the temporary restraining order, and upon hearing, granted the temporary injunction restraining defendants from building the fence, whereupon defendants appeal to this court, contending that the trial court erred in granting the temporary injunction since the granting of the injunction had the effect of a decision as to the ownership of the property in dispute, and that an action in trespass to try title is the only way in which title to real estate may be adjudicated.

The plaintiff contends that the issuance of the temporary injunction was proper since she had been in actual and peaceable possession of the land in controversy and the defendants were engaged in an act which would have destroyed the status quo of the property before a full hearing could be had on the merits of the case.

The trial court found that: 1) Plaintiff and defendants claim title to the property upon which they reside under a duly recorded deed. 2) That there is a strip of land approximately 4 feet wide between the residences of plaintiff and defendants which is claimed by plaintiff under her deed and under the 10-year statute of limitations, Vernon's Ann.Civ.St. art. 5523a; and which is claimed by defendants Bruce and wife under their deed. 3) That there is a substantial controversy between plaintiff and defendants over the 4 feet, and that at the time of the institution of this suit defendants were attempting an act (building the fence) which would destroy the status quo of the property before a final hearing could be had on the merits of the case. 4) That plaintiff had the last actual, peaceable, noncontested possession of the disputed 4 feet which preceded the pending suit.

This case resolves itself down to this proposition: Two adjoining property owners each claim a 4-foot strip on the common boundary line. There is a substantial controversy as to the true ownership of this disputed strip. Can the party in last peaceable possession, by injunction prevent the other claimant from erecting a fence on the property in dispute, in the absence of a count in trespass to try title in the pleadings in the case?

We must answer the foregoing question in the negative. From the findings of fact of the trial court it appears *that there is a substantial controversy between plaintiff*

*and defendants as to ownership of the disputed 4 feet between their respective properties.* Whether defendants have the right to erect a fence at the proposed location of course depends *on who in fact owns the 4-foot strip of ground* in controversy. No determinative judgment can be rendered without determining whose is the title to the 4-foot strip of land. *This suit not being one in trespass to try title, it is apparent that title cannot be adjudicated herein.* We therefore hold that a temporary injunction will not lie to enjoin erection of a fence located upon land, the title to which is in controversy, where the determination of the issue requires the determination of the title to the land in controversy. Trespass to try title is the proper remedy. If the plaintiff's petition had contained a count in trespass to try title and the temporary injunction had been effective *until the trespass to try title already filed and pending could be determined,* a different situation would be presented. Here, however, the court's order restrains defendants from erecting the fence until the *"merits of the controversy may be properly determined by trial or other lawful settlement."* Since no controversy is properly pending in trespass to try title, the purported temporary injunction is in fact a permanent injunction, and would have the effect of adjudicating title to the 4 feet in dispute. Title cannot be adjudicated by injunction, but only by an action in trespass to try title.

■ The precise question here presented for determination has heretofore been passed on by our courts in the following cases: Walker v. Haley, Tex.Civ.App., 147 S.W. 360, W/E dismissed; Rogers v. Day, Tex.Civ.App., 20 S.W.2d 104, W/E dismissed, opinion by Justice Leslie; Culpepper v. West, Tex.Civ.App., 110 S.W.2d 231, opinion by Justice Slatton; West v. Culpepper, Tex.Com.App., 135 Tex. 156, 140 S.W.2d 166; Id., Tex.Civ.App., 159 S.W.2d 961, opinion by Justice Norvell.

These cases, as do numerous authorities cited therein, hold that injunction does not lie to enjoin the erection of a fence on premises in dispute between adjacent landowners, in the absence of a trespass to try title suit. This is true because a proper determination of the issue whether a fence is properly or improperly located depends on a determination of the title to the land. Title cannot be adjudicated by injunction but only by a suit in trespass to try title. See also 32 A.L.R., p. 535 et seq.

Plaintiff earnestly contends that where there is a substantial controversy as to a disputed strip between 2 adjacent landowners, that temporary injunction will lie to enjoin building of a fence and thus maintain the status quo, in favor of the party in last actual peaceable possession of the strip. Plaintiff cites a number of cases which it is contended support the foregoing proposition. A careful analysis of these cases reflects that they fall into one of 3 categories, viz.: 1) That there was a suit to adjudicate title then pending in the case or in another case and the injunction was temporary until title could be determined in the cause in which it was pending; 2) the injunction was granted in favor of an admitted landowner against a naked trespasser; or 3) real estate was not involved but rather a going business, and here the injunction was a temporary one to restore status quo pending trial on the merits in the pending case. None of the authorities cited by plaintiff are in conflict with the views herein expressed.

In view of the foregoing, the case is reversed and remanded to allow plaintiff the opportunity to amend and sue in trespass to try title, it being apparent from the opinion rendered that relief by way of temporary injunction cannot be granted under the present state of the pleadings.

Reversed and remanded.