Beulah POPPLEWELL, Appellant,

v.

CITY OF MISSION, Appellee.

No. 12942.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1956.

Rehearing Denied March 14, 1956.

Ewers, Cox & Toothaker, McAllen, for appellant.

Rankin, Kilgore & Cherry, Ramiro B. Martinez, Edinburg, for appellee.

NORVELL, Justice.

The trial court awarded the City of Mission a mandatory and restraining perpetual injunction against Beulah Popplewell, which had the effect of opening an alleyway between Lots 2 and 18 of Tangerine Subdivision No. 1 of the City of Mission, Texas.

■ Appellant asserted in the trial court and urges the proposition here, that this suit involves a question of title which can not properly be adjudicated in an injunction suit. Assuming for the moment that a title issue is involved, the general rule supports appellant's position. Walker v. Haley, Tex. Civ.App., 147 S.W. 360; West v. Culpepper, Tex.Civ.App., 159 S.W.2d 961; Bruce v. Moore, Tex.Civ.App., 277 S.W.2d 199, 201. In the case last cited, the Waco Court said:

"These cases, as do numerous authorities cited therein, hold that injunction does not lie to enjoin the erection of a fence on premises in dispute between adjacent landowners, in the absence of a trespass to try title suit. This is true because a proper determination of the issue whether a fence is properly or improperly located depends on a determination of the title to the land. Title cannot be adjudicated by injunction but only by a suit in trespass to try title. See also 32 A.L.R., p. 535 et seq."

The appellee relies upon the case of Coombs v. City of Houston, Tex.Civ.App., 35 S.W.2d 1066, as establishing an exception to the general rule insofar as municipalities are concerned. The issue involved in the Coombs case was whether or not the City of Houston was entitled to a temporary injunction pending final disposition of the case. The opinion points out that in certain particulars a municipality stands in a different position from that of an ordinary litigant.

In maintaining open ways for streets and alleys, it acts as a representative for and on behalf of the public and in the usual sense suffers no pecuniary damage by reason of the unwarranted closing of a street or alley. It may, nevertheless, sue for and procure a temporary order maintaining an open way and ordering the removal of obstructions therefrom, pending entry of a final judgment.

■ The employment of a temporary injunction, either mandatory or prohibitory in nature, as ancillary to a suit involving title to lands is a well established procedure. Bruce v. Moore, Tex.Civ.App., 277 S.W.2d 199. The cited case of Coombs v. City of Houston, 35 S.W.2d 1066, supports such practice, but to our minds it is not authority for the broader rule contended for, namely, that a municipality may in effect litigate title issues in suits for perpetual injunctions.

■ While an examination of the pleadings and judgment discloses that this cause was considered as an injunction suit below, it appears that title issues were necessarily involved. The City accurately describes its suit in its trial petition as being one for "a mandatory injunction requiring the Defendant to remove from an alley, a public way dedicated to the City of Mission and to the Public, an obstruction placed and maintained therein by the Defendant and (for) a permanent injunction against the Defendant enjoining her from at any future time replacing such fence or any other obstruction in such alley way * * *." It appears, however, that the question of who owns the land occupied by the proposed alley-way between Lots 2 and 18 of the Tangerine Subdivision No. 1, must be a determining factor in this litigation. The defendant claims under a deed referring to a subdivision plat prior in time to that of the Tangerine Subdivision. This deed makes no reference to the latter plat and apparently embraces within its boundaries the land purportedly dedicated to public use by the Tangerine Subdivision plat. As to whether or not appellant or her predecessors in title own the proposed alley-way in fee or took subject to the dedication of the

Tangerine plat presents a title question which should be determined in a proper action before a perpetual injunction is issued.

Article 7364, Vernon's Ann.Tex. Stats., provides that, "The method of trying titles to lands, tenements or other real property shall be by action of trespass to try title." It has been said, that a suit involving a dispute as to title to land may be regarded as a trespass to try title suit regardless of its form, 41 Tex.Jur. 454, but the pleadings must be reasonably sufficient to support a judgment for the recovery of title and possession of lands, so that the title controversy may be fully settled and determined and the decree operate as res judicata of the title issues. Pleadings which would support an injunctive order only and a decree awarding such relief are insufficient for such purposes.

For the reasons pointed out, the decree appealed from is reversed and the cause remanded for further proceedings in conformity with this opinion.