**Olen McMAHON, Appellant,**

v.

**Harris FENDER, Appellee.**

No. 3904.

Court of Civil Appeals of Texas.

Waco.

Sept. 14, 1961.

Rehearing Denied Oct. 5, 1961.

McDaniel, Hunt & Fairchild, Center, for appellant.

Wardlow Lane, Center, for appellee.

McDONALD, Chief Justice.

This is an appeal from a permanent injunction, enjoining defendant McMahon

from going on or cutting timber off of a 640 acre tract of land in Shelby County.

Plaintiff Fender filed this suit alleging that he was owner of and in possession of a described 640 acre tract of land in Shelby County; that defendant McMahon was threatening to go on such tract and cut timber; and would do so unless restrained. The Trial Court granted a temporary restraining order, and set a hearing for temporary injunction.

Defendant McMahon filed answer in which he denied that plaintiff is owner or in possession of the property, and asserted that he has title superior to that of the plaintiff.

Trial was before the court without a jury which found plaintiff to be in possession, and to have the right of possession to the property; granted plaintiff a permanent injunction enjoining defendant from going upon the premises, or cutting any timber therefrom.

Defendant appeals, contending that the Trial Court erred in granting the permanent injunction, because this was a suit between two parties, each claiming the fee, and that the court's action amounts to an adjudication of title by a suit for injunction, and absent a suit in trespass to try title.

The proof showed that plaintiff was in possession of the 640 acres, and had been in such possession since 1953; that plaintiff deraigned his title under a series of general warranty deeds of conveyance going back to 1946. The proof further showed that defendant was a grantee of 108 acres out of the 640 acre tract, in a quitclaim deed from one Greer executed in 1959. Greer deraigned such rights as he had from other quitclaim deeds originating in a quitclaim deed from one Miller. There is no warranty deed in defendant's showing nor is there any showing of title in any of the grantors of any of the quitclaim deeds under which defendant claims.

The normal rule is that if the title to land is in dispute, the remedy to try title should ordinarily be resorted to. 24A Tex. Jur., p. 61; and that title cannot be adjudicated by an injunction, but only in an action in trespass to try title. Bruce v. Moore, Tex.Civ.App., 277 S.W.2d 199; City of Mission v. Popplewell, Tex.Civ. App., 288 S.W.2d 200, 156 Tex. 269, 294 S.W.2d 712.

The foregoing cases are applicable, however, where both parties *admittedly* own the fee to some land, and it is a disputed question as to whether the fee owned by the respective parties, in fact, covers the land sought to be included in the injunction.

In the case before us both parties in their pleading claimed to own the fee to some of the land involved. Plaintiff showed prima facie ownership, by virtue of general warranty deeds of conveyance into him, and his possession of the tract since 1953. Defendant on the other hand,—out of possession,—shows his *"right"* to the 108 acres by a series of *"quitclaim deeds"*, into himself.

A quitclaim deed does not *of itself* establish any title in those holding under it. The quitclaim passes the interest of the grantor in the property, and for the quitclaim to be a conveyance, title in the grantor must be shown. See: 41A Tex. Jur., p. 551, par. 34; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560; Richardson v. Levi, 67 Tex. 359, 3 S.W. 444; Garrett v. Christopher, 74 Tex. 453, 12 S.W. 67; 19 Tex.Jur.2d par. 11, p. 256. In the instant case, defendants show no *title* in any person; only a chain of 4 quitclaim deeds into defendant. Had defendant shown a warranty deed into himself, or into his grantor, and possession, title would have been in issue, and the rule of Bruce v. Moore, and the other cases cited, supra, would be applicable.

As the record stands before us, plaintiff by pleading and proving ownership and possession, was entitled to an injunction against defendant, who is out of

possession and whose claim is based only on a quitclaim deed. Thus the situation before us, is actually that of an injunction in favor of an owner in possession, as against a naked trespasser. See also: Renfrow v. Lineberry, Tex.Civ.App., 271 S.W. 2d 440, (NRE); Houston Oil Co. of Texas v. Niles, Tex.Com.App., 255 S.W. 604; Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286; Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62.

The injunction as entered by the Trial Court is modified to delete the words "or permitting" in the 6th to the last line of the 1st paragraph, and by adding: "Provided further such injunction will expire when and if defendant, by action in trespass to try title or other means, shows superior title in himself," to the end of such first paragraph.

As modified, the judgment of the Trial Court is affirmed.