**Frank PATTEN, Appellant,**

**v.**

**Wm. C. QUIRL, Jr. and Leo J. Cartwright, Appellees.**

**No. 17324.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 7, 1969.

Rehearing Denied Dec. 5, 1969.

Block 5 of Langston's Homestead Addition, being the lot immediately south of his Lot 5 and that in May of 1967 they had invaded and trespassed upon the 11.6 foot area along the south line of said Lot 5. Patten alleged that the 11.6 feet in question was a part of Lot 5 as conveyed to him in fee simple by his predecessor in title but that he also claims said 11.6 feet by virtue of limitation title which he claimed had matured in him pursuant to Articles 5509 and 5510, Vernon's Ann.Civ.St. of Texas.

Patten's application for injunctive relief did not contain any allegations nor prayer for relief relating to trespass to try title.

Quirl and Cartwright answered with the assertion that they held record title to the land in question by virtue of a general warranty deed conveying Lot 6 in Block 5, Second Subdivision of the A. P. Langston Homestead Addition to the City of Dallas. Defendants also interpose a plea in abatement in which it was urged that the application for equitable relief should be abated and dismissed for the reason that Patten had a full and adequate remedy at law in trespass to try title which he had not asserted.

H. G. Hurlbut, Dallas, for appellant.

Robert C. Cox, Erhard, Cox & Ruebel, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

This is an appeal from a judgment denying a permanent injunction.

Frank Patten brought this action in the district court asking that a permanent injunction be issued decreeing that William C. Quirl, Jr., and Leo J. Cartwright be restrained and enjoined from continuing to trespass upon a strip of land 11.6 feet wide which, he contended, was a part of Lot 5 in Block 5 of the Langston's Homestead Addition No. 2 of the City of Dallas and owned by him in fee simple. He alleged that Quirl and Cartwright had purchased Lot 6 in

The case proceeded to trial before the court, without a jury. The testimony presented to the trial judge consisted of numerous documents such as deeds, surveys, plats, etc., the testimony of the parties themselves, and also the expert testimony of two registered surveyors. It is without dispute that Patten was the record owner of both Lots 4 and 5 in Block 5 of Langston's Homestead Addition No. 2. It is also undisputed that appellees were the record owners of Lot 6, Block 5, of the same addition, being immediately south of Patten's land. It is undisputed that there was no fence erected between Lot 5 and Lot 6 until after this controversy arose. It is also without dispute that there were no buildings or structures on the disputed 11.6 foot strip of land but that appellant Patten had, from time to time, made use of the strip by putting a septic tank under-

neath same and also allowing tenants to park golf carts on various parts thereof. It is without dispute that appellees did go upon the disputed 11.6 foot tract and attempted to use same.

A careful reading of the statement of the facts immediately reveals that the principal issue between the parties was a boundary dispute or the proper location of the 11.6 foot strip of land and title thereto.

Appellant called as his expert witness Mr. Robert H. West, a registered surveyor, who testified that he located the 11.6 foot strip of land as being within the boundaries of Lot 5 owned by Patten.

Appellees relied upon the testimony of Mr. Chick McElya, a registered surveyor. According to his calculation and measurements the 11.6 foot tract of land in question clearly was within the official boundary of Lot 6 owned by appellees.

At the conclusion of the testimony the trial judge dissolved the temporary restraining order previously rendered and denied appellant's prayer for permanent injunction. The judgment decreed that, pending appeal, appellees were restrained temporarily from removing the septic tank on the disputed strip of land or changing the topography of the land.

In answer to request for findings of fact and conclusions of law made by appellant the trial court found: (1) that appellees and appellant are adjoining property owners; (2) that Patten is the owner of Lot 5, Block 6810, in the Second Subdivision of the A. P. Langston Homestead Addition, Dallas County, Texas; (3) that Quirl and Cartwright are the owners of Lot 6, Block 6810 in the Second Subdivision of the A. P. Langston Homestead Addition; (4) that Patten failed to establish by preponderance of the evidence that Quirl and Cartwright had trespassed on his land; (5) that Patten had suffered no damages; and (6) that Patten's petition contains no count for trespass to try title to land. The court made supplemental findings of fact as

follows: "The Plaintiff failed to prove by a preponderance of the evidence that the disputed 11.6 foot strip of land was within the boundary lines of Lot 5, Block 6810 in the Second Subdivision of the A. P. LANGSTON HOMESTEAD ADDITION, Dallas County, Texas." The court concluded, as a matter of law, that Patten was not entitled to a permanent injunction against Quirl and Cartwright.

We have carefully reviewed the entire record in the light of the applicable rules relating to judicial review of judgments rendered by a court, without a jury, based on findings of fact and conclusions of law. Having done so, we are of the opinion that the judgment of the trial court was correct and should be affirmed.

■ While appellant has brought forward eleven points of error, the principal and controlling question presented by this appeal is whether the basic cause of action seeking equitable relief only in the form of permanent injunction is sufficient to resolve a boundary dispute between adjacent landowners. It is quite obvious that appellant deliberately withheld the inclusion of a count in trespass to try title in his suit for injunctive relief. Not having availed himself of the legal remedy of trespass to try title we are of the opinion that appellant cannot obtain the relief sought by permanent injunction.

■ While it is perfectly proper for injunctive relief, either mandatory or prohibitory in nature, to be utilized ancillary to a title action so as to maintain the status quo pending final determination of the title issue, it is equally well settled that the equitable remedy of injunction is not to be substituted for legal remedy of trespass to try title. Popplewell v. City of Mission, 288 S.W.2d 200 (Tex.Civ.App., San Antonio 1956, affirmed 156 Tex. 269, 294 S.W.2d 712); Morgan v. Brannon, 95 S.W.2d 509 (Tex.Civ.App., Eastland 1936); Williamson v. Hall, 203 S.W.2d 265 (Tex. Civ.App., Amarillo 1947); First Methodist Church v. Jinkins, 219 S.W.2d 577 (Tex.

Civ.App., Beaumont 1949) ; Rogers v. Day, 20 S.W.2d 104 (Tex.Civ.App., Eastland 1929) ; City of Dallas v. Patti, 286 S.W.2d 664 (Tex.Civ.App., Dallas 1956, writ ref'd n. r. e.) ; Walker v. Haley, 147 S.W. 360 (Tex.Civ.App., El Paso 1912) ; West v. Culpepper, 159 S.W.2d 961 (Tex.Civ.App., San Antonio 1942, no writ) ; McMahon v. Fender, 350 S.W.2d 239 (Tex.Civ.App., Waco 1961, writ ref'd n. r. e.) ; and Bruce v. Moore, 277 S.W.2d 199 (Tex.Civ.App., Waco 1955).

We think the language of Chief Justice McDonald of the Waco Court of Civil Appeals in Bruce v. Moore, supra, is peculiarly applicable and controlling of the factual situation here presented:

"This case resolves itself down to this proposition: Two adjoining property owners each claim a 4-foot strip on the common boundary line. There is a substantial controversy as to the true ownership of this disputed strip. Can the party in last peaceable possession, by injunction prevent the other claimant from erecting a fence on the property in dispute, in the absence of a count in trespass to try title in the pleadings in the case?

We must answer the foregoing question in the negative. From the findings of fact of the trial court it appears *that there is a substantial controversy between plaintiff and defendants as to ownership of the disputed 4 feet between their respective properties.* Whether defendants have the right to erect a fence at the proposed location of course depends *on who in fact owns the 4-foot strip of ground* in controversy. No determinative judgment can be rendered without determining whose is the title to the 4-foot strip of land. *This suit not being one in trespass to try title, it is apparent that title cannot be adjudicated herein.* We therefore hold that a temporary injunction will not lie to enjoin erection of a fence located upon land, the title to which is in controversy, where the determination of the issue requires the determination of the title to the land in controversy. Trespass to try title is the proper remedy. If the plaintiff's petition had contained a count in trespass to try title and the temporary injunction had been effective *until the trespass to try title already filed and pending could be determined,* a different situation would be presented. Here, however, the court's order restrains defendants from erecting the fence until the *'merits of the controversy may be properly determined by trial or other lawful settlement.'* Since no controversy is properly pending in trespass to try title, the purported temporary injunction is in fact a permanent injunction, and would have the effect of adjudicating title to the 4 feet in dispute. Title cannot be adjudicated by injunction, but only by an action in trespass to try title."

In view of the above holdings which answer the primary question here presented we deem it unnecessary to discuss in detail each of appellant's points of error. A number of these points attack the question of title as to the disputed strip of land but since title is not properly before the court such points must be overruled. Other points attack the sufficiency of the evidence to support the court's findings of fact. We have carefully considered these points and find the same to be without merit. There is sufficient competent evidence to support each of the court's findings of fact. Finally, appellant's point concerning error on the part of the trial court in refusing to make additional findings of fact must be overruled. When the alleged additional requests are analyzed we find that same are either immaterial and irrelevant or have already been adequately covered by the court's findings.

Having carefully considered all of appellant's points of error and finding the same not to reflect reversible error, the judgment of the trial court is affirmed.