Roy IVES et ux., Appellants,

v.

Raymond KARNES et al., Appellees.

No. 527.

Court of Civil Appeals of Texas, Corpus Christi.

March 26, 1970.

Rehearing Denied April 16, 1970.

Kilgore, Cole & Garrett, W. W. Kilgore, Victoria, for appellants.

Cullen, Edwards, Williams & Stevenson, Donald A. Edwards, Victoria, for appellees.

## OPINION

GREEN, Chief Justice.

This suit was filed by appellees seeking injunctive relief against appellants Roy Ives and wife Ruby Ives, and other defendants who have not appealed. Appellees alleged that they as owners had been in possession of certain lands under fence in the northeastern portion of Victoria County, Texas for over twenty-five years, and as tenants for years before that, and that in 1967, defendants forcibly breached locked gates and entered and trespassed upon the lands, causing damage thereto. Appellees prayed that appellants be temporarily and upon trial on the merits permanently enjoined from entering and trespassing upon the disputed area. Appellants filed answer and cross-action also seeking injunctive relief. They alleged that the disputed area was a dedicated road in which defendants and the public had acquired certain rights, and prayed that appellees be enjoined from obstructing said roadway, or from interfering with appellants' use thereof. Appellees denied such area to have ever been a public road or to have been dedicated as such, and further alleged that if it was ever so dedicated, the public and defendants by virtue of continuous possession by plaintiffs of such property enclosed by fence for over 20 years had lost their easement and right to use said road under the provisions of Art. 6703a, Vernon's Ann. Tex.Civ.St.

Based on a jury verdict in which all of the special issues were answered contrary to defendants' contentions, the trial court rendered judgment that defendants take nothing by their cross-action; that the claimed public road was never dedicated to public use; that defendants never acquired any prescriptive rights to said road or any right therein by user; that the public never acquired any such rights; and decreed that plaintiffs were entitled to judgment that defendants be permanently enjoined from entering and trespassing upon the area alleged by them to be a public road or certain area immediately adjacent thereto. Motion of appellants for new trial was overruled, and these appellants, Roy and Ruby Ives, have perfected their appeal to this Court.

Appellees' properties in the area consisted of several hundred acres in Higginson Colonization Company's Subdivision of Sections 62, 63 and 64, I. R. R. Co. Survey, Victoria County, Texas. A plat of said subdivision, accompanied by a certificate of the subdividers Henry D & C G Higginson,

dated March 11, 1911, was filed for record in the office of the County Clerk of Victoria County on March 29, 1911, and duly recorded on the same date. Both plat and certificate state "The acreage embraced in the roads shown on said map is comprehended in the acreage given in the subdivisions."

The evidence shows that appellees moved to this area about 1906, and for many years prior to their purchase of their lands here involved in 1941 and 1942 were tenants thereon. In appellees' deeds whereby they secured title to this land, description was by reference to the aforementioned plat and certificate. From the time of their purchase, several hundred acres including the entirety of the alleged public roadway were under substantial perimeter fences. There was evidence to show that prior to the establishment of the disputed area as a roadway in 1947, appellee Fannie Mae Goodson had permitted appellants' predecessor in title, Ed Matley, to cross land owned by her along a route several hundred yards north of the disputed area to reach his property. In the late 40's this route had become difficult and almost impassable, and at Matley's request and for his convenience and with appellees' permission the county commissioner sent workmen out to remove heavy brush and dumps of dirt caused by construction of a drainage ditch, and to blade the road here in controversy on appellees' property. According to the evidence, the roadway was not placed where it was located because of any plat or because of anyone's contention that a road belonged there, but because of the existence of a spoil bank which could be bladed and used for a considerable distance, and because in the commissioner's opinion it was the easiest route. From the time the road was built there was a gap at its western end, the boundary on that side of appellees' property. A county road along appellees' boundary met the roadway at that gap. There were two other gaps crossing the roadway to interior fences in appellees' properties, and these gaps remained closed at all times when not in use. In 1958 a pipe line company put an aluminum gate in appellees' west boundary line to the west end of the disputed roadway, and the gate was locked and a key was furnished to Matley and some of his relatives so they could gain entrance and make use of this roadway constructed largely for Matley's convenience. In 1967 appellants on two occasions forced the lock and began to assert that the disputed area was a dedicated public road under the recorded plat of 1911.

At the close of the evidence, special issues and answers as follows were submitted to and made by the jury:

## "SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that in October, 1967 Plaintiffs were in peaceful possession of the area claimed by the Defendants to be a public road?

Answer 'They were' or 'They were not'

We, the jury, answer: 'Yes, they were'.

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the peaceful possession of the Plaintiffs, if such possession you have found, was interrupted by the forcible entry of Defendant Ruby Ives on the land claimed by Defendants to be a public road?

Answer 'It was' or 'It was not'.

We, the jury, answer 'Yes, it was'.

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that the Plaintiffs had the area claimed by Defendants to be a public road enclosed within a fence for a continuous period of twenty years or more prior to October, 1967?

Answer 'They had' or 'They had not'.

We, the jury, answer 'Yes, they had'.

## SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that the land between parallel lines indicated on the map recorded in Volume 66, Page 278 of the Deed Records of Victoria County, Texas, and proceeding from Arenosa Creek in a southwesterly direction to Young Road was intended to be a road?

Answer 'Yes' or 'No'.

We, the jury, answer 'No'.

## SPECIAL ISSUE NO. 5

Do you find from a preponderance of the evidence that the area in question was dedicated for public use as a road?

Answer 'Yes' or 'No'.

We, the jury, answer 'No'.

## SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that the alleged road shown on the subdivision map in evidence is reasonably necessary to reach the defendants', Roy Ives and wife, Ruby Ives, Jack E. Schaefer, Evelyn Groth and Ora Matley, lands or other land adjacent to such road?

Answer 'Yes' or 'No'.

We, the jury, answer 'No'.

## SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that there is a road running the entire distance from the gate involved to Jack E. Schaefer's property?

Answer 'Yes' or 'No'.

We, the jury, answer 'No'."

Issues 9, 10, 11, 12, 12a, being dependent on an affirmative answer to No. 7, unanswered.

## "SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that the road was used and traveled by the public generally continuously and uninterrupted for ten years or more at any time before the locking of the gate?

Answer 'Yes' or 'No'.

We, the jury, answer 'No'."

Issues 14–17 inclusive unanswered, being dependent on affirmative answer to No. 13.

Appellants' first five points of error concern the failure of the trial court, in submitting special issues one and two, to require a finding that appellees were in *exclusive* possession of the area claimed to be a dedicated road through appellees' lands. Appellants say that the answers to said two special issues without a jury finding that appellees' possession was *exclusive* would not support the judgment, and that said two issues taken together are not an ultimate issue in the case. Prior to submission of the case to the jury, appellants objected to special issues one and two for the reasons above stated, and assigned the overruling of said objections as error in their motion for judgment and motion for a new trial.

This suit was plead and tried as a suit for injunction. A strip of land forty feet wide across lands belonging to appellees was involved. Appellees' title to this strip was not disputed. A careful study of the pleadings and evidence convinces us that the case was tried on the theory that this 40 foot strip was included within the description of the land in plaintiffs' title deeds. At issue was the contention of appellants that said strip had theretofore been irrevocably dedicated to the public as a road, and had for many years been openly used by the public and by defendants (cross-plaintiffs) and their predecessors. By virtue of such dedication and use, defendants, and particularly these appellants, claimed the legal right to use the strip as a public road. We shall discuss the question of dedication under appellants' point No. 7.

We hold that in this injunction suit, where title was not an issue, the trial

court did not err in submitting special issues one and two without inquiring whether appellees' possession was exclusive. The evidence and the findings of the jury to the defensive special issues disclose to our satisfaction that appellants were trespassers when they gained admission to the strip by cutting the locked chain placed on gate by appellees and placing their own lock on the chain. An injunction will issue in favor of an owner in possession as against a naked trespasser. Durham et al. v. Houston Oil Co. of Texas, Tex.Com. App., 222 S.W. 161; Popplewell v. City of Mission, Tex.Civ.App., 288 S.W.2d 200, aff'd. 156 Tex. 269, 294 S.W.2d 712; McMahon v. Fender, Tex.Civ.App., 350 S.W. 2d 239, wr. ref. n. r. e.

Appellants' first five points of error are overruled.

Appellants' seventh point of error is lengthy and somewhat duplicitous. However, we find that it together with the argument is sufficient to raise appellants' contention that the evidence establishes *as a matter of law* that the strip in question was dedicated as a public road, and that appellants, through their use of it for many years as such road to reach their property, acquired easement rights to such use of said strip as a road. Appellants, other than the contentions made in point seven, have no point of error raising the contention that the jury's answers to special issues 4, 5 and 13 are not supported by evidence or are against the greater weight and preponderance of the evidence.

Appellants in support of their claim of dedication *as a matter of law* placed in evidence the chain of title from the sovereignty into the Higginsons of the land which became Higginson Colonization Company's Subdivision, heretofore referred to. The plat of the subdivision dated March 11, 1911 and duly recorded in the office of the county clerk of Victoria County was also in evidence. The deeds under which appellees acquired title conveyed the property therein described by reference to said plat and subdivision. We have carefully examined the plat in question to determine whether there was language contained in the plat or in any instrument filed in connection with the plat evidencing dedication *as a matter of law* of the area in question as a road. We have found none. On the plat there is shown a space between dotted lines in the general location of the claimed road, and there appears adjoining the lower line there the word "road." As is stated in City of Dallas v. Crow, Tex.Civ.App., 326 S.W.2d 192, 196, wr. ref. n. r. e. "In order to constitute a dedication there must be a clear and unequivocal intention to dedicate." See also opinions by this Court in County of Calhoun v. Wilson, 425 S.W. 2d 846, wr. ref. n. r. e., and Birnberg v. Sparks, Tex.Civ.App., 410 S.W.2d 789, wr. ref. n. r. e.

In 19 Tex.Jur.2d p. 199, Dedication, § 19, the rule is stated:

"Before an intention to set apart a parcel of land for public use may be implied the designation or description in the plat or deed must be so clear as to be inconsistent with any other result. Thus, the fact that a square is designated on a plat as a 'market' does not necessarily show that it was intended for a public market, as the use of that term is equally consistent with an intention that the use be private. * * *"

We find no dedicatory language in the instruments in the record disclosing *as a matter of law* an intention that this area was to be dedicated as a public road. The jury refused to find that there was such an intention (Issue No. 4) or that the strip of land was dedicated for public use as a road (Issue No. 5).

Appellants' seventh point of error is overruled.

Appellants' sixth point of error reads:

"SIXTH POINT: The Trial Court erred in overruling Paragraph I B of Defendants' Amended Motion for Judgment because the findings of twenty years pos-

session by the Plaintiffs in Special Issue No. 3 would not support a verdict for the Plaintiffs in that the statute of limitations does not run against the public or against the adjoining landowners."

In view of what we have already said, there was no dedication to the public of the strip in question, and article 5517, V.A.T.S. is not applicable, and does not operate as a bar to the judgment as rendered. If the facts were that there had been such a dedication, Art. 6703a V.A.T.S. expressly operates to cut off the rights of the public after twenty years of non-user by the public in the situation provided for in such article. Grand Lake Gathering System, Inc. v. Gray, Tex.Civ.App., 441 S.W.2d 633, n. w. h. Article 6703a reads as follows:

"Whenever the use of a county road has become so infrequent that the adjoining land owner or owners have enclosed said road with a fence and said road has been continuously under fence for a period of twenty (20) years or more, the public shall have no further easement or right to use said road unless and until said road is re-established in the same manner as required for the establishment of a new road; this Act shall not apply to roads to a Cemetery or Cemeteries; provided however, that this Act shall not apply to access roads reasonably necessary to reach adjoining land. Added Acts 1955, 54th Leg., p. 1625, ch. 525, § 1."

The trial court submitted special issues based on the provisions of Art. 6703a (issues 3 and 6) and received answers favorable to appellees' contentions. Neither the submission of these issues nor the answers of the jury have been assigned as error by appellants. Thus, as held in *Gray*, supra, the judgment of the court was justified on the additional ground of statutory abandonment.

Appellants' sixth point of error is overruled.

Judgment affirmed.