MRS. LOUISE CORNICK ET AL. v. S. D. ARTHUR ET AL.

Decided March 11, 1903.

1.—Abatement—Former Suit.

To pleadings of plaintiff in trespass to try title seeking injunction against defendants maintaining a dam, the right to construct and maintain which was claimed by plaintiffs, a plea in abatement setting up a previous suit for a similar injunction against defendants and proceedings for violation of same, which was then pending on an appeal by plaintiffs, was properly sustained.

2.—Irrigation—Right to Natural Flow.

A riparian proprietor has no rights, as such, against a similar proprietor at a higher point on the stream, to the use of the unimpaired flow of the water for the purposes of irrigation.

3.—Easement—Trespass to Try Title.

The ownership of an easement in land (right to erect a dam and overflow land) gives no right to maintain trespass to try title against the owner of the fee.

Error from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

Mrs. Cornick and others prosecute writ of error from a judgment for defendants in their suit against Arthur and others.

*Joseph Spence, Jr.,* and *D. D. Wallace,* for plaintiffs in error.

*B. W. Raines* and *Hill & Lee,* for defendants in error.

FISHER, CHIEF JUSTICE.—This is a suit of trespass to try title brought by plaintiffs in error, as plaintiffs below, to wit, Mrs. Louise Cornick, joined by her husband Boyd Cornick, Bige Duncan and Gus Thomas against defendants in error, as defendants below, to wit, S. D. Arthur, J. J. Arthur and B. D. Arthur, in District Court of Tom Green County, Texas, for recovery of the land described in plaintiff's petition; plaintiffs also prayed for a mandatory injunction to compel defendants to remove from said premises a dam, which they alleged defendants had constructed across Dove Creek, where the creek flowed past said land.

Plaintiffs' original petition was filed February 1, 1902. Defendants answered (1) by plea in abatement; (2) by general demurrer and special exceptions; (3) plea of not guilty, and (4) by special answer setting up title in themselves.

The case was tried by the court without a jury and resulted in a judgment rendered May 13, 1902, sustaining defendants' plea in abatement to all that part of plaintiffs' petition setting up rights in plaintiffs acquired under and by virtue of judgment rendered in cause No. 1239, entitled Francisco Maldonado v. S. D. Arthur et al., in District Court of Tom Green County. 2. Also sustaining defendants' demurrer to all that part of plaintiffs' petition alleging that Dove Creek is a natural stream and useful for irrigating, and that the erection of the

dam by defendants thereon interferes with the rights of plaintiffs to use the water and deprives them of the use thereof; and 3. That plaintiffs take nothing by their suit and that defendants go hence, etc.

There is no controversy about the facts. They are fully set out in the record and will not be copied here. The trial court found the following conclusions of fact and law:

"1. On January 31, 1901, Francisco Maldonado was the owner of the land involved in this suit.

"2. On said 31st day of January, 1901, said Maldonado conveyed to plaintiffs an easement in the land sued for, conveying to them a perpetual and exclusive right to use said land as a site for dam and appurtenances thereto.

"3. Defendants have entered upon and erected dam abutting on the land sued for.

"4. On December 24, 1901, said Maldonado conveyed by deed to defendants the title to the land sued for.

"Conclusions of Law.—As this is a suit of trespass to try title and inasmuch as there can only be two kinds of judgment entered in such actions, that is to wit, one for the title and possession of the land sued for and the other for the possession of such land, a person holding only an easement can not oust the owner of the fee from his possession, hence the defendants ought to recover."

The ruling of the court in sustaining the plea in abatement presented by the defendants in error was correct. The cause of action there set out in the plea is practically identical with that part of the case disclosed by the record to which the plea in abatement is applicable. The case mentioned in the plea in abatement was, subsequent to the disposition of this case by the trial court, affirmed by this court.

The court was correct in sustaining the demurrer to that branch of the plaintiffs' case in which they attempted to set up an exclusive right in the waters of Dove Creek for irrigation purposes. If any such rights existed, there were no facts pleaded that would take the case out of the rule announced by this court in Barrett v. Metcalfe, 33 S. W. Rep., 758, 12 Texas Civ. App., 247, and in Irrigation Co. v. Vivian, 74 Texas, 170. The plaintiffs were lower proprietors on the stream in question; and, according to the rule announced in the cases cited, the facts pleaded in that portion of the plaintiffs' petition to which the court sustained demurrers did not state a case that would authorize the lower proprietors to interfere with the rights of the defendants in error and others situated on the stream above, to use the waters therein for irrigation purposes.

We are also of the opinion that the trial court is correct in the legal conclusions reached on that branch of the case that related to trespass to try title. The plaintiffs, by virtue of their easement acquired from their vendor, sought to eject and oust the defendants in possession, who owned the fee to the land bordering on the stream in question. The

plaintiffs may have had a remedy, but ejectment at common law, or trespass to try title under the form of procedure in this State, was not the remedy. The owner of the fee rightfully in possession can not be ousted and deprived of possession of his premises by one whose adverse right merely consists in an easement. Wash. on Easements, p. 10; Sedg. & Waite on Trial of Title to Land, secs. 95, 97, 146, 147; Pinckum v. Eau Claire, 81 Wis., 301.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*