### O. C. POUNS v. J. N. ZACHERY.

Decided June 5, 1907.

**1.—Trespass to Try Title—Easement.**

Plaintiff suing in trespass to try title could not recover by reason of a judgment showing him entitled to an easement in the land, his pleading seeking no protection in this right.

**2.—Disclaimer—Judgment.**

Where defendant in trespass to try title disclaims as to a part of the land sued for, plaintiff is entitled to judgment therefor though defeated as to the rest.

Appeal from the District Court of Morris County. Tried below before Hon. P. A. Turner.

*Hart, Mahaffey & Thomas,* for appellant.—The court erred in not rendering judgment for plaintiff, establishing in him an easement in the land in controversy, because the evidence shows such easement to have been created in favor of Sweney by the decree rendered in the case of Jones v. Sweney, which easement plaintiff owns under a regular chain of transfers from said Sweney. Randall v. Snyder, 64 Texas, 350; Sharp v. Elliott, 70 Texas, 669.

In an action of trespass to try title where the plaintiff claims in his petition certain land and the defendant answers disclaiming any title or interest thereto, it is the duty of the court to render judgment in favor of the plaintiff for the land disclaimed by the answer of the defendant. Warnell v. Moore, 10 Texas, 235; McDaniel v. Martin, 25 S. W. Rep., 1041; Barnes v. Lightfoot. 62 S. W. Rep., 564; Wootters v. Hall, 67 Texas, 515.

*Henderson & Robinson,* for appellee.—The owner of a mere easement is not entitled to maintain ejectment or trespass to try title as against the fee owner of land rightfully in possession. Cornick v. Arthur, 73 S. W. Rep., 410; 17 Century Digest, sec. 25, under Ejectment.

In an action of trespass to try title when the defendant disclaims as to a portion of the land it is not reversible error to fail to enter judgment for the plaintiff therefor unless it affirmatively appears,

by motion for new trial or otherwise, that the question was called to the attention of the court. In such case the court should reform the judgment and tax the costs to the appellant. Barnes v. Lightfoot, 62 S. W. Rep., 564.

KEY, Associate Justice.—O. C. Pouns instituted this suit in the form of an action of trespass to try title. Zachery, the defendant, filed a disclaimer as to part of the land and pleaded not guilty as to the remainder. The court rendered judgment for the defendant as to all the land sued for, and the plaintiff has appealed and presents the case in this court on two assignments of error.

Under the first assignment the contention is made that the plaintiff was entitled to recover because he put in evidence a judgment establishing his right to an easement in the land. Appellant sued in trespass to try title, asking for a recovery of the land, and did not in his petition show that he was entitled to a decree protecting him in his easement. As the case was presented, appellant was not entitled to recover anything on account of the judgment referred to. (Cornick v. Arthur, 73 S. W. Rep., 410.)

Under the second assignment it is contended that the plaintiff was entitled to judgment against the defendant for that portion of the land included in the defendant's disclaimer. That contention is correct. The judgment of the court below will be reversed and judgment here rendered for appellant Pouns for that portion of the land as to which appellee disclaimed title. As to the land claimed by appellee in his answer, and not included in his disclaimer, judgment will be rendered for him. The costs of the lower court will be taxed against appellant, and those of this court against appellee.

*Reversed and rendered.*