## GILLETT v. VAN HORNE et al.
### No. 2454.

Court of Civil Appeals of Texas. El Paso.
Feb. 5, 1931.

Rehearing Denied March 12, 1931.

C. W. Croom and C. L. Galloway, both of El Paso, for appellant.

Knollenberg & Cameron, of El Paso, for appellees.

PELPHREY, J.

This suit was instituted by appellant against appellees, and from the citation appearing in the record, was an ordinary trespass to try title suit to recover the title and possession of a strip of land lying between the east line of the United States Reclamation Service drainage canal right of way and what is claimed by appellant to be the west line of appellee's property. The strip appears to be about 5 feet wide at the north end and 12 feet wide at the other, and about 445 steps in length.

Appellant later filed an amended petition alleging peaceable and adverse possession for more than ten years, and praying for title and possession, a writ of restitution, and damages.

On what appears from the record to be the day of trial, appellant filed what he terms his trial amendment, in which the allegations of the first amended petition were adopted, and in which appellant alleged that one Hardy, appellee's predecessor in title, had granted him a perpetual right of way and easement over the property in question to be used by him as a road from his residence to the county road; that he had placed a fence along the entire length of the property, which fence remained where he had placed it from 1918 to 1929, when it was removed by appellees. Appellant prayed in this pleading for judgment establishing the easement and right of way, for an injunction perpetually

restraining appellees from interfering with his use of same, and for mandatory injunction requiring appellees to replace the fence removed by them.

Appellees answered by general demurrer, special exception, a plea of not guilty, specially denied that appellant had been in open and notorious, visible, adverse, and hostile possession of the land for a period of ten years, alleging the title to the property being in them, that the fence erected by appellant was intended to be on the property line, but by mistake was placed a few feet inside said line, and that, upon discovery of such fact by appellees, they moved said fence onto the line.

Appellees further allege that the road used by appellant was at most only an easement, and only used as a passageway to his home. was never fenced or cultivated by appellant, and that the change made in the easement by appellees was an immaterial one, and did not and does not effect appellant's right of ingress and egress.

Appellees further, by cross-action, prayed in trespass to try title for title and possession of the land, a writ of restitution, and for rents and damages.

The following two issues were submitted to the jury:

"Question No. One: Was it the intention of Sam B. Gillett to put the fence constructed by him on the boundary line between the drainage right-of-way and the west line of the Hardy-Van Horne land?

"Question No. Two: Do you find that the fence, as constructed by the Van Hornes in 1929, materially affects the use of the road from the County road to the Gillett home?"

Upon the jury's answering the above questions in the negative, the trial court rendered judgment denying the injunction prayed for by appellant against appellant on his action for trespass to try title and against appellees on. their cross-action.

From that judgment Gillett has appealed.

### Opinion.

Appellant contends that the judgment rendered was erroneous, because: (1) The undisputed evidence showing an adverse holding of the land by appellant for more than ten years, and the jury having answered question No. 1 in the negative, appellant was entitled to judgment; (2) that, the evidence showing that appellant took possession of the land under a contract with the owner, that he paid a valuable consideration therefor, that he held the same adversely for more than ten years, and that appellees had full knowledge of his rights at the time they purchased the land, judgment should have been rendered in his favor; (3) that the judgment rendered deprived appellant of all means of

ingress and egress from his residence over the land sued for; and (4) that there is no evidence to show that appellees ever owned or acquired the land in question.

He makes the further contention that question No. 2 was immaterial, its submission prejudicial to appellant, and that there was no evidence to support the jury's answer thereto.

Appellees, on the other hand, assert the correctness of the judgment, because: (1) Appellees, being the owners of the property subject to the easement, made only an incidental change in the real estate which did not materially impair the right granted; (2) that the question, in a suit for injunction, as to whether a right has been materially interfered with, is a question for the jury; (3) that appellant is not entitled to the injunctive relief prayed for because he changed his pleading from a trespass to try title to a suit for injunction, which constituted a material change which should not have been permitted; and (4) that appellees took only a part of the land subject to the easement, and, the jury finding that such taking did not materially interfere with appellant's right to the use thereof, a judgment for appellees was a proper one.

We will first discuss the question raised by appellees' cross-assignment of error.

Their contention is that the court's action in permitting the filing of the trial amendment was error, in that said trial amendment was not demanded by any demurrer or exception filed by appellees, and that the facts there alleged were known to appellant when the suit was filed, and the facts there alleged set up an entirely different cause of action.

Appellees explain that this matter is called to our attention by cross-assignment for the purpose of convincing us that. the judgment should be affirmed because of the failure of proof under the original pleading.

■■ It is true that trespass to try title is not the remedy in actions to establish or prevent the obstruction of an easement, which seems to be admitted was the only right appellant had in the land in question. Cornick et al. v. Arthur et al., 31 Tex. Civ. App. 579, 73 S. W. 410; Pouns v. Zachery, 46 Tex. Civ. App. 604, 103 S. W. 234, but it is well settled that due enjoyment of an easement will be protected by injunction against encroachments or obstructions, 9 R. C. L. p. 820.

■ We find no bill of exception in the record as to the trial court's action in permitting the filing of the trial amendment in which the relief by injunction is sought, and no motion for a continuance by appellees on the ground of surprise; therefore the court's action in that particular is not before us for review.

This, then, leaves the question of whether the court erred in refusing to grant the injunction as prayed for in the trial amendment.

Appellees contend that they, being the owners of the fee, had the right to make the change here made by virtue of the finding of the jury that the placing of the fence, as constructed by them in 1929, did not materially affect the use of the road from the county road to appellant's home.

■ It appears to be well settled that the owner of the servient estate cannot close or obstruct an easement against those entitled to its use in such manner as to prevent or to interfere with their reasonable enjoyment, 9 R. C. L. p. 798, and cases cited; and, as a general rule, the question of whether the use of the land over which the easement extends by the owner of the fee is reasonable or unreasonable is a question of fact for the trial court or jury, but, in a case such as the one at bar, where the undisputed evidence shows that all of the easement was obstructed except a strip two feet in width, there remains no question of fact as to the materiality of the change.

■ The evidence discloses that appellant, when his road from the county road to his residence was made impassable by the construction of the drainage canal, began negotiations with both Hardy and the reclamation authorities for a road along the east side of said canal; that the reclamation authorities were willing to give him permission to use a portion of their right of way on condition that he also secure from Hardy the right to use a portion of his land adjoining their right of way in conjunction therewith; that he secured such right of way from Hardy on condition that he erect, at his own expense, a fence along an irrigation ditch which was located several feet from the dividing line between Hardy's west line and the east line of the drainage canal right of way.

It is undisputed that the fence was erected by appellant in 1918, and remained along the irrigation ditch until 1929, when it was removed by appellees, who at the same time erected a line of posts 12 feet west from the ditch on the south end and 5 feet from the ditch on the north. It therefore appears, and it is not disputed by appellees, that appellant had an easement to use the strip of land between the irrigation ditch and the east line of the drainage canal right of way, and the finding of the jury that the fence constructed by appellees in 1929 did not materially affect the use of appellant's road from the county road to his home could have no effect on the disposition of this case.

Appellant was granted a right by Hardy to use the land in question for a road, and any obstruction of the land which will prevent his reasonable enjoyment of such right is unlawful, and they cannot excuse their action by saying that without the land they have obstructed he still has room enough on the right of way of the drainage canal for his road.

The jury's finding that the use of the road from the county road to the home of appellant was not materially affected by the construction of the fence by appellees is not a finding that the use of the easement was not so affected. The question submitted to them was not the one upon which a proper determination of the rights of the parties depends.

We have concluded that the trial court was in error in refusing to grant the relief, in so far as the obstructions to the use of the easement were concerned.

It being conceded that appellant is entitled to the use of the strip of land in question as a roadway, and that appellees had obstructed all except a strip 2 feet wide of the land over which the right exists, we must reverse the judgment of the trial court and render the judgment which should have been rendered.

■ There being nothing in the record to show that the existence of the fence as originally built by appellant is necessary to a proper enjoyment by him of the roadway, the mandatory relief requiring appellees to replace same will not be granted.

It is the judgment of this court that appellees be perpetually enjoined from interfering with appellant's use of the land in question, as a right of way, and that they forthwith remove the obstructions complained of.