W. P. SHEPPARD v. THE STATE.

No. 19500. Delivered October 12, 1938.

The opinion states the case.

*K. Van Slyck, John W. Craig,* and *Earl E. Hurt,* all of Dallas, for appellant.

*Norman R. Crozier, Jr.,* of Dallas, Special Prosecutor, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant stands charged by complaint and information in the county criminal court of Dallas County with unlawfully, wrongfully and purposely injuring and impairing the usefulness of a certain levee in said county by certain acts therein enumerated, and upon his trial thereof he was convicted and fined in the sum of $100.00, hence this appeal.

It seems that appellant purchased the property on which was located the levee so claimed to be injured after the erection of such levee, and therefore took title thereto subject to the dominant title of the levee for such purposes. In a civil action relative thereto between this appellant and the levee district, reported in Vol. 112, S. W. (2d), p. 255, the Court of Civil Appeals held the following:

"Obviously, appellant's rights are subservient to the rights of appellee. The grant of the exclusive use of the land for levee purposes extending to any and all other uses and purposes which are or may be necessary or desirable in the building and maintaining of the levee, is, in practical effect, an estate in fee to the easement owner. The owners of the fee, Mrs. Sheppard and her husband, have no right to use the land, as against the objection of the easement owner. The easement owner is the dominant tenant and is entitled to the free and undisturbed use of its property for the purposes of the easement. Calcasieu Lumber Co. v. Harris, 77 Texas 18, 13 S. W. 453; Texas Co. et al. v. Texarkana Mach. Shops, Texas Civ. App., 1 S. W. (2d) 928; Gillett v. Van Horne et al., Texas Civ. App., 36 S. W. (2d) 305."

The jury under appropriate instructions found appellant guilty of thus injuring and obstructing the use of such levee as charged in the information. We find no bills of exceptions in the record, and no error appearing therein.

The judgment is affirmed.