## STANOLIND OIL & GAS CO. v. WIMBERLY.

### No. 4400.

Court of Civil Appeals of Texas. El Paso.

June 29, 1944.

Rehearing Denied July 13, 1944.

L. W. Dumas, of Midland, and Tom D. Rowell, Jr., of Tulsa, Okla. (Turner, Rodgers & Winn, of Dallas, on the brief), for appellant.

Geo. T. Wilson and Robert T. Neill, both of San Angelo, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the District Court of Pecos County, 112th Judicial District. Appellant's statement of the nature of the suit is admirable for its brevity and clarity. We shall adopt it almost literally.

The suit was instituted by Stanolind Oil and Gas Company, owner of the oil, gas and mineral leasehold estate covering 13,-430.72 acres of land in Pecos County, as

plaintiff, against H. A. Wimberly, the owner of a lease "for grazing purposes only" covering the same land, as defendant. The plaintiff sued for injunctive relief, seeking to enjoin defendant from refusing to permit and from preventing plaintiff from entering upon said land for the purpose of exploring and developing the same under its oil, gas and mineral leases and from preventing plaintiff from using so much of the surface thereof as might be reasonably necessary for such purposes. Trial to the court resulted in a judgment that plaintiff take nothing. The judgment recites that the court was of opinion that plaintiff was not entitled to injunctive relief, since it had an adequate remedy at law, and was without prejudice to plaintiff's right to institute other legal proceedings.

Appellant presents two points. They are, in substance, that under the undisputed evidence it had the right of ingress and egress to and from all parts of the surface of the land in question for the purpose of exploring and developing its mineral estate, and to use so much of the surface thereof as might be reasonably necessary for such purposes; that a suit for injunction was the proper remedy to establish and enforce such rights. Hence the court erred in refusing to grant it injunctive relief.

The facts showing the interest of the parties in the land involved are covered by stipulation and are uncontroverted:

From March 31, 1926, until October 23, 1939, Lilliam M. Allison and Charles C. Cannon were the joint owners in equal portions of the land in question, save and except such mineral interests as may have been conveyed to other parties during such period of time.

On November 10, 1927, Allison et vir. and Cannon conveyed an undivided one-eighth interest in the oil, gas and other minerals in the northeast quarter of each section of the land to E. N. Panner. This mineral deed, which was filed for record in Pecos County on December 27, 1927, expressly vests in the grantee "the right of ingress and egress at all times for the purpose of mining, drilling and exploring such lands for oil, gas and other minerals and removing the same therefrom." It also specifically reserved to the grantors the right to execute oil and gas leases covering that portion of the land which was not under lease when said mineral deed was executed.

On December, 23, 1927, the Allisons and Cannon conveyed to John W. Emch and V. C. Hogan an undivided one-eighth interest in the oil, gas and other minerals in the south one-half and northwest quarter of Sections 16 and 17, Block C–3, and Sections 71 and 86, Block A–2, being a portion of the lands in question. This deed was filed in Pecos County on December 27, 1927, and contained similar provisions as to the grantee's right of ingress and egress, and the grantors' reservation of the right to execute future oil and gas leases.

On January 10, 1928, the Allisons and Cannon conveyed to Fuhrman Petroleum Corporation an undivided one-half interest in the oil, gas and other minerals in all of the land in question. This deed was filed for record in Pecos County on March 2, 1928. It also contains similar provisions as to the grantee's right of ingress and egress and the grantors' right to execute future oil and gas leases.

On April 2, 1928, Fuhrman Petroleum Corporation conveyed to Adams Royalty Company (now Adams Oil & Gas Company) an undivided one-fourth interest in the oil, gas and other minerals in said land. This deed was filed for record on April 6, 1928, and also specifically invests the grantee with the right of ingress and egress.

Appellant acquired its interest in the property by four oil, gas and mineral leases as follows:

(a) Lease dated July 21, 1941, from Lilliam M. Allison et al. to T. N. Sloan, assigned to appellant on August 8, 1941;

(b) Lease dated December 8, 1941, from Lillian M. Allison et al. to T. N. Sloan, assigned to appellant on December 8, 1941;

(c) Lease dated January 9, 1942, from Adams Oil & Gas Company to appellant; and

(d) Lease dated January 9, 1942, from Fuhrman Petroleum Corporation to appellant.

These leases by different language in general grant and let the lands covered thereby to the lessee for the purpose of "investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon, to produce, save, take care of, treat, transport, and own said products, and for housing its employees."

On October 23, 1939, Charles C. Cannon and wife by partition deed set apart to

Lillian M. Allison the land in question, excepting from such instrument all of their interest in the oil, gas and other minerals.

On October 24, 1939, Lillian M. Allison et vir. leased the land in question to appellee H. A. Wimberly, "for grazing purposes only" for a term of ten years, with option to extend the term for an additional five years. Appellee has been in possession of the land since the date of this lease.

■■ From the foregoing statement it is apparent that when, on October 24, 1939, Mrs. Allison and her husband executed the grazing lease to appellee, she owned only an undivided three-sixteenths mineral interest in the northeast quarter of each section and in the south one-half and northwest quarter of Sections 16 and 17, Block C–3, and Section 71 and 86, Block A–2, and an undivided one-fourth mineral interest in the remainder of the land. The remainder of the mineral estate in all of the land had long since been severed from the surface estate by the instruments above referred to. Appellant acquired this mineral estate with the specific right of ingress and egress. Since appellee's lease was for "grazing purposes only," and not a conveyance of the minerals, it operated as a severance of the mineral estate owned by Mrs. Allison from the leasehold surface estate acquired by appellee under his grazing lease. Appurtenant to such mineral estate, which appellant subsequently acquired, as well as to the mineral estate theretofore acquired by it, though not specifically granted, was the right of ingress and egress, and the right to use so much of the surface of the land as might be reasonably necessary to enforce and enjoy the mineral estate so acquired. Harris v. Currie, Tex.Sup., 176 S.W.2d 302, affirming Currie v. Harris, Tex.Civ.App., 172 S.W.2d 404; Donnell v. Otts, Tex.Civ.App., 230 S.W. 864; Campbell v. Schrock, Tex. Civ.App., 10 S.W.2d 165.

■ Appellee does not contend that appellant does not have the right of ingress and egress, or the right to use so much of the surface of the land as may be reasonably necessary to enjoy its mineral estate. He claims no interest in the mineral estate. His position is, that since the evidence showed that such use of the land would seriously damage it for grazing purposes

and injure his stock, appellant was not entitled to injunctive relief; that he has an adequate remedy at law—the statutory action of trespass to try title—by which he can acquire possession of the land. This view was adopted by the trial court and was the basis for its judgment. It is untenable. Appellant has no title to the surface of the land, nor is it entitled to the exclusive possession thereof. Its right is a servitude or easement upon the surface title. "It is no part of the (surface) title but is carved out of it as an incident attaching to the mineral title at the time of the severance [172 S.W.2d 407]." Currie v. Harris, supra.

■ The action of trespass to try title is not available to establish an easement such as appellant's, or to enforce its enjoyment against a lessee of the surface rightfully in possession. Cornick v. Arthur, 31 Tex.Civ.App. 579, 73 S.W. 410.

■ Interference with such easement will be protected by injunction. Gillett v. Van Horne, Tex.Civ.App., 36 S.W.2d 305, writ dismissed.

■ The evidence is undisputed that appellee has refused to permit appellant to enter upon the property in question for any purpose. Such refusal, if continued, will render appellant's mineral estate wholly worthless during the period of appellee's lease. Harris v. Currie, supra.

The judgment of the trial court is reversed and judgment here rendered that appellee, his servants, agents and employees, be and they are hereby enjoined, during the terms of appellant's mineral leases, or any of them, from refusing to permit appellant, its agents, servants and employees, to exercise its right of ingress and egress to, from, over and upon the land covered by such leases, for the purpose of exploring, prospecting, investigating, drilling, mining, and producing oil and gas thereon under the terms and provisions of such oil and gas leases, and from refusing to permit appellant, its agents, servants and employees, to use so much of the surface of the said land as is reasonably necessary for such purposes, and from preventing appellant, its agents, servants and employees, from exercising such right of ingress and egress and from using such property for such purposes.