CITY OF MISSION V. BEULAH POPPLEWELL

No. A-5797. Decided October 24, 1956.
Rehearing Overruled November 21, 1956.
(294 S.W. 2d Series 712)

*Rankin, Kilgore & Cherry* and *H. H. Rankin, Jr.*, all of Edinburg for petitioners.

The Court of Civil Appeals erred in holding that petitioner had to institute suit in trespass to try title and have title adjudicated in it before it would be entitled to a mandatory injunction to remove defendant's fence, since defendant had by her pleadings claimed title to the alley in question. Fenzl v. City of Houston, 63 S.W. 2d 729, writ of error refused; Dozier v. City of Austin, 253 S.W. 554, writ of error dismissed; State v. Goodnight, 70 Texas 682, 11 S.W. 119.

*Ewers, Cox & Toothaker* and *J. Perry Jones*, all of McAllen, for respondent.

MR. JUSTICE MCCALL delivered the opinion of the Court.

Respondent, Beulah Popplewell, owned a one-acre tract of land within the City of Mission, Texas. She erected a fence along the western boundary of the tract. The City of Mission, petitioner herein, claimed that a twenty-foot alley had been dedicated through such tract by respondent's predecessor in title, and that the fence blocked this alley. Upon respondent's refusal to remove the fence, the City brought suit for a mandatory injunction to require respondent to remove the fence across the alley and for a permanent injunction enjoining respondent from obstructing the alley in the future. Respondent excepted to the City's petition on the ground that the suit involved title to realty which could not be adjudicated in a suit for injunction, and that City's exclusive remedy was by trespass to try title suit. Respondent also filed a general denial, alleged that she owned the fee simple title in the tract, and contended that the dedication of the alley was void for several reasons.

The trial court granted the injunction, but the Court of Civil Appeals reversed and remanded the cause, holding that respondent's exception to the City's petition should have been sustained. 288 S.W. 2d 200. Thus the question on appeal is whether suit for injunction is a permissible remedy under the facts of this case.

█ In a broad sense this suit does involve the title of realty. It comes within Section 8 of Article V of the Texas Constitution which gives the district court jurisdiction "of all suits for the trial of title to land." Such was the holding of this Court in Blair v. Archer County, 145 Texas 102, 195 S.W. 2d 348, in

which it was held that a suit to enjoin the fencing of an alley could not be brought in a county court, and the contention that title to realty was only incidentally involved was rejected.

However, in the recent case of Davidson v. Gelling, 153 Texas 56, 263 S.W. 2d 940, 943, this Court held that a suit to enjoin the closing of a road did not involve the *fee* title to the realty. In that suit Davidson, the fee owner, attempted to close a road which had been dedicated to the use of the public by his predecessor in title. Gelling, an adjoining property owner, claimed an easement in such road and procured a judgment enjoining closing of the road. Later Davidson brought a trespass to try title action against Gelling for the strip of land in the road. In the trial Gelling suffered a take nothing judgment, on the ground that the injunction judgment was res adjudicata of the issue of any title to the road. This Court reformed the judgment of the trial court so that it would not deprive Gelling of the *fee* title to the road. The Court held that the injunction suit merely determined that the strip was subject to an easement and the issue of fee title was irrelevant, even though Davidson had pleaded his fee title and tried to prove it. It was stated in the opinion: "One cannot thus make an issue of something irrelevant to a disposition of the case. Proof of ownership of the fee interest by the defendants without more would not defeat the plaintiffs' claim of easement arising from the dedication, nor would failure of the defendants to make such proof entail a judgment for the plaintiffs in the absence of the dedication." It was held that in such a case where the "purely defensive pleadings of the defendant include a statement of fee ownership not material to a disposition of the case," the judgment does not affect the fee title.

The same holding is implicit in the recent decision of McCarver v. City of Corpus Christi, 155 Texas 153, 284 S.W. 2d 142, involving a suit by the City to enjoin obstruction of an alley. There it was said: "In this suit to remove obstruction the City as plaintiff had the burden of establishing as a fact the legal existence of the alley at the time of filing suit. This it has failed to do and therefore must fail in its suit. This is not a title suit, so we do not pass upon the question of title and specifically hold that no question of title is adjudicated in this case."

In view of these decisions that a suit to remove an obstruction in an alley does not involve the fee title to the land and that such fee title is irrelevant even if pleaded, the contention that the action of trespass to try title is the exclusive remedy in such cases seems unsound.

The respondent relies upon the cases cited by the Court of Civil Appeals: Walker v. Haley, Texas Civ. App., 147 S.W. 360; West v. Culpepper, Texas Civ. App., 159 S.W. 2d 961; Bruce v. Moore, Texas Civ. App., 277 S.W. 2d 199. As stated by the Court of Civil Appeals all these cases are boundary disputes between adjacent landowners and the issue of ownership of the fee was determinative in each case. The courts properly held that this issue could not be decided by a suit to enjoin the erection of a fence but had to be adjudicated in a trespass to try title action. Since in the present case ownership of the fee is not determinative of the existence of the easement, the cited cases are not applicable.

■ Furthermore, while a trespass to try title action has occasionally been used by a city to remove an obstruction in a street or alley, City of Tyler v. Boyette, 43 Texas Civ. App. 573, 96 S.W. 935, it is doubtful whether it is an appropriate action for such purpose. The plaintiff in a trespass to try title action must allege and prove the right to present possession of the land. Rule 783, T.R.C.P., Stephens v. Motl, 82 Texas 81, 18 S.W. 99; El Paso v. Long, Texas Civ. App., 209 S.W. 2d 950 (er. ref.), 41A Texas Jur. 532. The owner of an ordinary easement does not have such a possessory right and the remedy is not available to him. Gillett v. Van Horne, Texas Civ. App., 36 S.W. 2d 305 (er. dism.); Cornick v. Arthur, 31 Texas Civ. App. 579, 73 S.W. 410, 15B Texas Jur. 310, 41A Texas Jur. 517. Injunction is a proper remedy. Gillett v. Van Horne, supra.

■ This Court has also held that the legal title to city streets belongs to the state, which has full control and authority over them, and the cities exercise only such control and authority as has been delegated to them by the Home Rule Amendment to the Texas Constitution or by the legislature. West v. City of Waco, 116 Txas 472, 294 S.W. 832; San Antonio v. Fetzer, Texas Civ. App., 241 S.W. 1034; 30A Texas Jur. 434; 39 Texas Jur. 603. In City of Beaumont v. Gulf States Utilities Co., 163 S.W. 2d 426 (er. ref. w.o.m.), the Court of Civil Appeals quoted with approval from McQuillen on Municipal Corporations, 2d Ed., par. 2902, page 12: "Courts everywhere decline to recognize that the city possesses any property rights in the streets, although they may be a source of profit to the municipality. Their interest is exclusively public juris, and is in any respect wholly unlike property of the private corporation which is held for its own benefit and used for its private gain and advantage."

The city controls the streets as trustee for the public. It has no proprietary title nor right to exclusive possession. Its right

of control is restricted by its trusteeship. It has the duty to maintain the streets and keep them open and free of obstruction. It can close a street only in the public interest and even then not over the objection of an abutting property owner with a co-existing private easement therein. Kahn v. City of Houston, 121 Texas 293, 48 S.W. 2d 595; Dallas Cotton Mills v. Industrial Co., Texas Com. App., 296 S.W. 503, 39 Texas Jur. 603-605.

■ Thus the interest which a city has in its streets and alleys is unique and legally sui generis. It has no proprietary title but exercises many of the rights of title on behalf of the public. It is less than the private easement in that the city cannot recover damages for the obstruction of a street. It is more than a private easement in that the control of the street is greater. The control is so exclusive that the city is liable to the public for failure to properly maintain the street as a safe way of travel. 39 Texas Jur. 658-661, Streets, Sec. 104. Yet the control does not allow the city to exclude the fee owner from using the street in any manner which does not interfere with the use by the public. 39 Texas Jur. 588. This interest has been regarded as sufficient to qualify as a possessory right which will support an action in trespass to try title. 18 Am. Jur. 18, Ejectment, Sec. 16. However, a judgment for the city for "title or possession, or both, as the case may be, of such premises" as prescribed in Rule 804, T.R.C.P., does not seem applicable, and the city certainly cannot recover damages under Rule 805. The only applicable remedy is one that is regarded as ancillary to the action in trespass to try title, to-wit, the injunction. There thus seems to be no good reason why the city should not be allowed to resort directly to the only pertinent remedy available.

In Coombs v. City of Houston (Texas Civ. App.), 35 S.W. 2d 1066, 1070, the remedy of injunction was particularly upheld in the following language: "But further insistence is made that the city had a full, complete, and adequate remedy at law in an action of trespass to try title to this claimed strip of street, wherefore the remedy by temporary injunction should have been denied.

"This contention, we think, fails initially to take into account the materially different status toward each other of these litigants from that which ordinarily obtains between private individuals only concerning land unaffected with a public interest; the city here, as the embodiment of the public authority, with all the consequent power over and responsibility for the dedicated streets within its limits, not only had the right but

the nondelegable and inescapable duty to the public, as well, to at all times open, protect against purprestures, and maintain them in usable condition as such ways. In the exercise of those high powers and duties, under the authorities last above cited, irrespective of what might be the slower and less effective remedies, if any, available at law, it undoubtedly had the affirmative right to summarily remove any such obstructions therefrom, either through the outside exercise of its police powers, or by securing a mandatory injunction from a court of equity, not being remitted to a mere action in trespass to try title, if that would have lain in these circumstances."

While the Coombs case involved a temporary injunction it does not appear to have been granted in a trespass to try title suit but rather in a suit for permanent injunction. The cases of Fenzl v. City of Houston, Texas Civ. App., 63 S.W. 2d 729 (er ref.) and Dozier v. City of Austin, Texas Civ. App., 253 S.W. 554 (er. dism.) approve suits by these cities for permanent injunctions against street obstructions. This Court agrees with these holdings on this point. See also 39 Texas Jur., p. 651, Streets, Sec. 100, and cases there cited.

Having concluded that the suit for injunction was an available remedy to petitioner, it is noted that respondent as appellant in the Court of Civil Appeals had six points of error to the effect that the city failed to prove a valid dedication of the alley and that any dedication made was not binding on respondent. While these points were not discussed by the Court of Civil Appeals in its opinion, it is necessary that we consider them to determine whether any of them afford an alternative basis for the decision of the Court of Civil Appeals.

■ Respondent contended in the Court of Civil Appeals that the trial court erred in entering judgment for the city because there was no evidence to prove that the Tangerine subdivision, in which the alley was dedicated to the city, included the property owned by Mrs. Popplewell and on which she had built her fence.

The alley was dedicated on April 20, 1950 by I. V. Wright and C. P. Wright in a "Plat of Tangerine Subdivision No. 1, Being a Subdivision of a 2.54 acre tract of land out of the Wright Addition to the City of Mission, Texas, out of Lot 21-9 West Addition to Sharyland Subdivision of Porciones 53 to 57 both inclusive, in Hidalgo County, Texas." To prove that the above was a valid dedication by the owner of the fee the city introduced a series of warranty deeds designed to show that

Mrs. Popplewell derived her title from a common source, to-wit the Wrights who had dedicated the Tangerine Addition. However, all these deeds, including the deed to Mrs. Popplewell and her deceased husband, described the land as a certain acre of land from the La Lomita Subdivision of Porciones 53, 54, 55, and 56, situated in Hidalgo County, Texas. In its petition the city alleged that this acre of land included parts of Lots 1, 2, 18, and 19 of Tangerine Subdivision No. 1, and the alley blocked by Mrs. Popplewell was situated between Lots 2 and 18. To establish common source of title the burden was on the city to prove the identity of the acre of land described in the deed to the Popplewells and Lots 1, 2, 18, and 19 of the Tangerine Subdivision. Ainsworth v. Ruemke, Texas Civ. App., 205 S.W. 2d 647 (er. ref.). To meet this burden the city introduced in evidence the maps and plats of the various subdivisions: La Lomita Subdivisin, West Addition to Sharyland, Wright Addition, and Tangerine Subdivision No. 1. In its brief in the Court of Civil Appeals the city contended that from the maps alone it can be ascertained that the acre described in the deed to the Popplewells is identical with Lots 1, 2, 17 and 18 of the Tangerine Subdivision. This Court from an examination of these maps and the rest of the evidence is unable to specifically locate the Tangerine Subdivision No. 1 within the forty-acre tract described in the deed to the Popplewells.

■ It is further noted that an essential link in such proof is the map of the La Lomita Subdivision. The statement of facts records that the city introduced "a map or plat of the La Lomita Subdivision of Porciones 53, 54, 55, and 56, in Hidalgo County, Texas," as "plaintiff's Exhibit L." The exhibit is included in the statement of facts and bears the above designation with the initials of the court reporter and the date of the introduction of the exhibit, May 30, 1955. However, the exhibit is a map of the La Lomita Irrigation & Construction Co. Subdivision of Porciones 61, 62 and 63. This subdivision also has a Section 19 which has been subdivided by pencil lines. Presumably the wrong map was introduced through error. There is a copy of the map of the right La Lomita Subdivision of Porciones 53, 54, 55, and 56 filed with this Court. There is no indication it was ever introduced into evidence at the trial. It bears the stamp of the clerk of the Court of Civil Appeals that it was filed in that court on August 31, 1955, almost a month after the statement of facts was filed in the Court of Civil Appeals. Under these circumstances the copy of La Lomita Subdivision of Porciones 53, 54, 55, and 56 is not a part of this record and cannot be considered by this Court.

The city also contends that it proved that Lots 1, 2, 17 and 18 of the Tangerine Addition were identical with the acre owned by Mrs. Popplewell by documentary evidence showing that Mrs. Popplewell had listed these lots in the inventory of the estate of her deceased husband and also that she had rendered these lots for taxation. These admissions by Mrs. Popplewell may tend to prove she owns Lots 1, 2, 17 and 18 of the Tangerine Addition but they are no proof that these lots are identical with the acre described in the deed to Mrs. Popplewell. She could own both the lots and the acre.

■ It can be deduced from the testimony of the engineer, Roy M. Boger, that it was his opinion that the Tangerine lots and the acre conveyed to Mrs. Popplewell were identical, but the city must prove its legal title to the alley by valid written instruments. Parol evidence in the form of opinions and conclusions without documentary basis is inadmissible to establish such title, and even if admitted without objection is of no probative force. Henry v. Phillips, 105 Texas 459, 151 S.W. 533; Gilbert v. Odum, 69 Texas 670, 7 S.W. 510, 41A Texas Jur. 689-691; Webb v. Reynolds, Texas Com. App., 207 S.W. 914; Dixon v. Bennett, Texas Civ. App., 260 S.W. 2d 372 (no writ); Rutledge v. Mitchell, Texas Civ. App., 91 S.W. 2d 1135; Beken v. Hoffman, Texas Civ. App., 196 S.W. 2d 548 (wr. ref.).

The city having failed to discharge the burden of proving a valid dedication of an alley through the acre conveyed to the Popplewells, the judgment of the Court of Civil Appeals reversing the judgment of the trial court is therefore affirmed and the cause remanded for new trial.

Opinion delivered October 24, 1956.

Rehearing overruled November 21, 1956.