

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 13, 2014

The Honorable Joe R. Smith
Tyler County Criminal District Attorney
Courthouse Annex
100 West Bluff
Woodville, Texas 75979

Opinion No. GA-1084

Re: Authority of a municipality to sell real property including a building and improvements located in the middle of a city street (RQ-1196-GA)

Dear Mr. Smith:

You ask about the authority of a municipality to sell real property including a building and improvements located in the middle of a city street.[1]

You inform us that the City of Ivanhoe (the "City"), a Type-A municipality, began as a private community and was incorporated in 2009. Request Letter at 1; City Letter at 2. The property you ask about is a small tract located in the middle of a street that provides entrance into the City. Request Letter at 1. The tract contains a building formerly used as a guardhouse prior to the City's incorporation, a community sign paid for and erected by the Ivanhoe Property Owners Improvement Association (IPOIA), and other improvements. *Id.* You tell us that the developer executed a quitclaim deed in 2013 conveying his interest in the street and the structures to the City. City Letter at 1.[2] You further explain that the IPOIA wishes to continue using the sign and has offered to purchase the small tract including the building, the sign, and other improvements. Request Letter at 1.

Your first three questions ask whether the Texas Constitution and statutes, in particular, Texas Constitution article III, section 52(a) and article XI, section 3, prohibit a municipality from "sell[ing] a building that is constructed on a city street and right-of-way." *Id.* at 2. You also ask whether a municipality must comply with open-bidding and public-notice requirements before

---

[1]*See* Letter from Honorable Joe R. Smith, Tyler Cnty. Crim. Dist. Att'y, to Office of Att'y Gen. at 2 (Jan. 7, 2014) ("Request Letter"), http://www.texasattorneygeneral.gov/opin, and attached Letter from David Baier, Councilman & Charles Jack Brockhouse, Mayor, City of Ivanhoe, Tex. (Mar. 14, 2014) ("City Letter").

[2]*See Geodyne Energy Income Prod. P'ship I–E v. Newton Corp.,* 161 S.W.3d 482, 486 n.12 (Tex. 2005) (stating that a quitclaim deed does not convey property, only whatever rights the grantor has in the property, if any).

the municipality may agree to such a sale. *Id.* As a preliminary matter, we understand your questions to concern municipal authority to sell not only the building but also whatever title, right, or interest the City has in the land on which the building is located. The City's title, right, or interest in the tract, however, is not clear from the information you have provided. To answer your questions with respect to the specific transaction you describe would require the investigation and determination of factual questions, which is outside of the opinion process.[3] We will, however, discuss general legal principles of municipal authority to sell streets or other real property.

A Type-A municipality has general authority to "lease, grant, or convey" real property, but only "[t]o carry out a municipal purpose." TEX. LOC. GOV'T CODE ANN. § 51.015(a) (West 2008). When the property is a public street, however, there are additional considerations. While a municipality may hold legal title in its streets, it does so not in its own right, but as trustee for the benefit of the state and the public. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 645 (Tex. 2004); *Mission v. Popplewell*, 294 S.W.2d 712, 715 (Tex. 1956).[4] A general-law municipality has only the authority over its streets that the Legislature or the Texas Constitution has granted. *Mission*, 294 S.W.2d at 715. The Legislature has granted general-law municipalities the right of exclusive control over their streets and the authority to change a street. TEX. TRANSP. CODE ANN. § 311.002(a) (West 2013). It has also authorized municipalities to "sell and convey land or an interest in land . . . that is an abandoned part of a street or alley," and such a sale "may include the improvements on the property." TEX. LOC. GOV'T CODE ANN. § 253.001(a) (West Supp. 2013).

Generally, municipal land and real property interests must be sold by giving notice and taking sealed bids. *Id.* § 272.001(a). There are several statutory exceptions that allow a sale of real property without complying with notice and bidding procedures, depending on the circumstances. For example, section 272.001 allows a municipality to sell small strips of land and "streets or alleys, owned in fee or used by easement" without following bidding procedures, but only to owners of abutting property. *Id.* § 272.001(b)(1)–(2), (c). Another exception, section 253.011 of the Local Government Code, allows a municipality to convey real property to a "nonprofit organization" without complying with notice and bidding requirements, provided the transaction is governed by an agreement requiring the organization "to use the property in a manner that primarily promotes a public purpose of the municipality." *Id.* § 253.011(c)–(d)

---

[3]Determining real estate title is not a function of an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. GA-0750 (2009) at 2 (stating that this office cannot investigate and resolve mixed questions of fact and law); GA-0471 (2006) at 5–6 (stating that, in a particular case, whether a property interest is part of a public road is a question of fact).

[4]*See Miller v. R.R. Comm'n of Tex.*, 185 S.W.2d 223, 224–25 (Tex. Civ. App.—Austin 1945, writ ref'd) (observing that, depending on the facts, a municipality may own a street in fee, subject to the public's street easement, or merely hold easement to use the property of abutting owners for street purposes).

(West 2005).   Whether a particular exception allows a general-law municipality to sell real property and interests to a private entity without following notice and bidding procedures will depend on the particular facts and circumstances of the property and the terms of the sale.

Article III, section 52(a) and article XI, section 3 of the Texas Constitution both prohibit "gratuitous payments to individuals, associations, or corporations." *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002) (regarding article III, section 52(a)); *see also Barrington v. Cokinos*, 338 S.W.2d 133, 139–40 (Tex. 1960) (regarding article XI, section 3).  A political subdivision's conveyance of property is not "gratuitous" as contemplated by these constitutional provisions if the political subdivision receives adequate return consideration.  *See Tex. Mun. League*, 74 S.W.3d at 383.  Moreover, such a conveyance is not unconstitutional if it "(1) serves a legitimate public purpose; and (2) affords a clear public benefit received in return."  *Id.*; *see also Barrington*, 338 S.W.2d at 140 (a transfer of public assets "for the direct accomplishment of a legitimate public and municipal purpose is not rendered unlawful by the fact that a privately owned business may be benefited thereby").  Before conveying public property to a private entity, the municipal governing body should determine that (1) the conveyance will serve a predominantly public purpose; (2) the municipality will retain sufficient control to ensure the public purpose is carried out; and (3) the municipality will receive return benefit.  *See* Tex. Att'y Gen. Op. No. GA-0583 (2007) at 3 (determining that a political subdivision that grants a public thing of value to a private entity should comply with the Texas Supreme Court's "public purpose" test in *Texas Municipal League*); *see also* Tex. Att'y Gen. Op. No. GA-0033 (2003) at 9 (determining that "[a] contract that imposes upon a recipient an obligation to perform a function benefitting the public may provide adequate controls for constitutional purposes").  These constitutional provisions do not prohibit a municipality from selling real property to a private entity if the transaction serves a legitimate public purpose of the municipality and provides a return public benefit to the municipality.

## S U M M A R Y

A Type-A municipality may sell a building located in the middle of a street only as authorized by the Texas Constitution and statutes. Generally, a municipality must sell its land or other real property interest by complying with statutory notice and bidding requirements. Whether a particular exception allows a general-law municipality to sell real property and interests to a private entity without following notice and bidding procedures will depend on the particular facts and circumstances of the property and the terms of the sale.

Article III, section 52(a) and article XI, section 3 of the Texas Constitution do not prohibit a municipality from selling a public property to a private entity provided the transaction serves a public purpose and the municipality receives a public benefit in return.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee