ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/29/2015 9:25:33 AM
KEITH HOTTLE
CLERK

# MOORMAN TATE HALEY UPCHURCH & YATES, LLP

R. HAL MOORMAN*†
STEVEN C. HALEY
LAURA UPCHURCH
WENDY YATES*
_____
ANDREW J. HEFFERLY
CHRISTOPHER S. HARDY

**ATTORNEYS AT LAW**
**207 EAST MAIN STREET**
**BRENHAM, TEXAS 77833**
**P.O. BOX 1808**
**BRENHAM, TEXAS 77834-1808**
**(979) 836-5664**
**FAX (979) 830-0913**
**www.moormantate.com**

_____BOARD CERTIFIED_____
*ESTATE PLANNING & PROBATE
†CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

GEORGE M. MOORMAN (1916-2011)
MILTON Y. TATE, JR. (RETIRED)

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/29/2015 9:25:33 AM
KEITH HOTTLE
Clerk

July 28, 2015

Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa, Ste. 3200
San Antonio, Texas 78205-3037

RE:   *El Caballero Ranch, Inc. and Laredo Marine, L.L.C. v. Grace River Ranch, LLC;* No. 04-15-00127CV, 4th Judicial District, San Antonio, Texas

Dear Justices of the Fourth Court of Appeals:

By way of supplement of the Brief of Appellee filed herein, Grace River Ranch, LLC provides the following citations and succinct comment by way of additional authority:

## La Salle County Not an Indispensable Party

Appellants suggest (without authority) that an injunction against <u>Appellants</u> interference with a public road was improper absent joinder of La Salle County as a party.

A county has no proprietary interest in public roads dedicated to the public. *City of Mission v. Popplewell,* 294 S.W.2d 712, 715 (Tex. 1956); *Hicks v. City of Houston,* 524 S.W.2d 539, 545 (Tex. Civ. App. – Houston [1st Dist.] 1975, writ ref'd.

{18705.43065-00395217.DOCX}

The county is only a trustee of the public in such roads of the public interest may require. *City of Mission v. Popplewell, supra* at 715; *Hicks v. City of Houston, supra* at 545. It is not necessary that the public entity so charged as trustee with regulating and controlling a public road belonging to the public be sued as agent for the public or as trustee for the public in order for the existence of a public easement can be put in issue. *City of Fort Worth v. Taylor*, 346 S.W.2d 792, 794 (Tex. 1961).

Sincerely,

STEVEN C. HALEY

SCH:mb

Enclosures

cc:    Annalyn G. Smith
       Schmoyer Reinhard, LLP
       17806 I-10W, Ste. 400
       San Antonio, Texas 78257
       E-mail: asmith@ar-llp.com

       Kimberly S. Keller
       Keller Stolarczyk PLLC
       234 West Bandera Road, No. 120
       Boerne, Texas 78006
       E-mail: kim@kellsto.com

Donato D. Ramos, Jr.
Law Offices of Donato D. Ramos
6721 McPherson
P.O. Box 452009
Laredo, Texas  78045
donatoramosjr@ddrlex.com