# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00143-CV

---

**Steven W. Hughes and Adrienne R. Hughes, Appellants**

**v.**

**21st Mortgage Corporation, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40347, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## MEMORANDUM OPINION

Steven W. Hughes and Adrienne R. Hughes (Appellants), acting pro se, appeal from the trial court's final judgment granting 21st Mortgage Corporation's motion for summary judgment on its trespass-to-try-title action. For the following reasons, we affirm the trial court's final judgment.

## BACKGROUND

In August 2020, 21st Mortgage Corporation filed a trespass-to-try-title action against Appellants and, a few months later, a motion for summary judgment supported by evidence that established: (i) Appellants had a home mortgage on real property commonly referred to as 2066 County Road 347 Loop, Gause, Texas 77857 (the Property); (ii) 21st Mortgage Corporation held the note and a secured interest on the Property; (iii) after Appellants defaulted on the note and failed to cure the default, 21st Mortgage Corporation purchased the

Property at a foreclosure sale and provided notice to Appellants to vacate the Property; and (iv) Appellants had not vacated the Property.

21st Mortgage Corporation's evidence included affidavits, a title report on the Property with supporting documentation showing that the owner of record was 21st Mortgage Corporation, the deed of trust on the Property showing 21st Mortgage Corporation as the lender and Appellants as the borrowers with their signatures, and documents concerning the foreclosure sale, including the appointment of substitute trustee, the substitute trustee's deed conveying the Property to 21st Mortgage Corporation, the notice of eviction addressed to Appellants, and the foreclosure affidavit. A description of the Property and the notice of sale is attached to the foreclosure affidavit, and the affiant avers that notice of the proposed trustee's sale was sent at least 21 days prior to the sale by certified mail to all persons obligated on the mortgage, that the notice of the trustee's sale was posted in accordance with the deed of trust and filed with the County Clerk of Milam County at least 21 days before the sale, and a notice of opportunity to cure and notice of the proposed trustee's sale was given to all parties obligated on the mortgage at least 30 days before acceleration of the debt.

Appellants did not file a response to the motion for summary judgment but appeared for the hearing on the motion and presented argument orally. Following the hearing, the trial court signed the final judgment, granting 21st Mortgage Corporation's motion for summary judgment and awarding judgment quieting title to the Property against Appellants. The trial court ordered that 21st Mortgage Corporation owned and was entitled to possession of the Property, that Appellants had no rights to the Property, and that 21st Mortgage Corporation was entitled to the issuance of a writ of possession against Appellants and any other occupants of the Property. This appeal followed.

**ANALYSIS**

Appellants present ten issues on appeal, but they generally fail to support their issues with substantive arguments or appropriate citations to authorities or the record.[1] *See* Tex. R. App. P. 38.1(i) (requiring brief to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Davis v. American Express Bank, FSB*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived."); *Lee v. Kaufman*, No. 03-10-00148-CV, 2011 Tex. App. LEXIS 6969, at *9–10 (Tex. App.—Austin Aug. 26, 2011, no pet.) (mem. op.) (concluding that party waived issue that was not supported "with arguments, legal authority, or citations to the record").

"Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage." *Vaclavik v. Di Addison*, No. 03-19-00528-CV, 2021 Tex. App. LEXIS 3308, *1 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Holding Appellants to this standard, we conclude that they have waived their issues by failing to support them with substantive arguments or appropriate citations to authorities and the record. *See* Tex. R. App. P. 38.1(i). Nonetheless, we will attempt to address their issues as best we understand them. *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *2 n.1 (Tex. App.—Austin Dec. 9, 2010,

---

[1] We do not consider the documents that Appellants attached to their briefs that are not part of the appellate record. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Copeland v. Fannie Mae*, No. 03-16-00030-CV, 2016 Tex. App. LEXIS 11686, at *3–4 (Tex. App.—Austin Oct. 28, 2016, pet. dism'd) (mem. op.) (explaining that appellate courts may not consider documents attached to brief that are not part of appellate record).

no pet.) (mem. op.) (addressing pro se appellant's "complaints as best we can, rather than striking his brief and dismissing the cause").

**Summary Judgment on 21st Mortgage Corporation's Trespass-to-Try-Title Action**

*Standard of Review*

We review summary judgments de novo, taking as true evidence favorable to the nonmovant and indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion, and a trial court considering such a motion is restricted to the issues presented in the motion, response, and replies. *See* Tex. R. Civ. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341–42 (Tex. 1993).

A traditional summary judgment is proper if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). If the movant meets this burden, the burden shifts to the nonmovant to raise a fact issue. *Amedisys*, 437 S.W.3d at 511.

As is the case here, the nonmovant on appeal need not have responded to a traditional motion for summary judgment to contend that the movant's summary judgment proof was insufficient as a matter of law to support summary judgment. *See id.* (noting that if movant fails to meet this burden, "the burden does not shift and the non-movant need not respond or present any evidence"); *Rhone–Poulenc Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999)

4

(explaining that "[s]ummary judgments must stand on their own merits" and that on appeal, "movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law").

*Did the evidence establish 21st Mortgage Corporation's trespass-to-try-title action as a matter of law?*

In their first issue, Appellants argue that the trial court abused its discretion and that there was a lack of evidence supporting breach of contract of the deed of trust before the "expiration date" of the deed of trust's terms. We liberally construe this issue as a challenge to the sufficiency of the evidence to support the trial court's summary judgment on 21st Mortgage Corporation's trespass-to-try-title action. *See Vaclavik*, 2021 Tex. App. LEXIS 3308, *1 (noting that we liberally construe pro se briefs); *see also Amedisys*, 437 S.W.3d at 511; *Rhone–Poulenc*, 997 S.W.2d at 223.

A trespass-to-try-title action "is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001. "To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title." *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994); *see Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018) ("[T]he 'plaintiff in a trespass to try title action must allege and prove the right to present possession of the land.'" (quoting *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1956))). Among the ways of proving title in a trespass-to-try-title action, a plaintiff may prove a regular chain of conveyances from the sovereign or superior title out of a common source. *See Rogers*, 884 S.W.2d at 768; *see also Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021) (listing different ways that plaintiff may prove legal title in trespass-to-try-title action).

21st Mortgage Corporation's summary judgment evidence included affidavits and a title report showing the chain of title and its record ownership of the Property, and Appellants did not provide any contrary evidence. *See Amedisys*, 437 S.W.3d at 511 (noting that if movant meets burden to establish that it is entitled to judgment as matter of law, burden shifts to nonmovant to raise fact issue). Viewing the summary judgment evidence under the applicable standard of review, we conclude that 21st Mortgage Corporation established as a matter of law that it had legal title to the Property with the right to present possession. *See* Tex. R. Civ. P. 166a(c); *Lance*, 543 S.W.3d at 736; *Rogers*, 884 S.W.2d at 768. Thus, we conclude that the trial court did not err when it granted summary judgment on 21st Mortgage Corporation's trespass-to-try-title action and overrule Appellants' first issue.

**Remaining Issues**

Appellants' remaining issues are as follows:

- 21st Mortgage Corporation and its counsel violated chapter 51 of Title 5 of the Texas Property Code and "lack of sufficient data reports as detailed in 11 U.S. Code 704."

- The Milam County District Clerk abused its discretion by using or referencing sections 6.4035 and 6.710 of the Family Code.

- The Trustee listed on the deed of trust and referenced on the paperwork was "not a third party title company as industry standards and 11 U.S. Code 704 dictate."

- The Substitute Trustees that were assigned to start acceleration of foreclosure "did so without process and final report" and in "violation of 11 U.S. Code 704."

- "Statute of Frauds indicates deed contract is legally binding to all parties involved, with only exceptions to fraud making contract invalid."

- Counsel for 21st Mortgage Corporation used "[c]oercion and fraud."

6

- "Contradictions to business practices and Borrower and Lender Covenants and Agreements, as well as, statement response on their Google Review."

- "Repeated demand notices of acceleration of entire loan amount due immediately during hardships without any demand feature in Closing Disclosure terms."

- "Harassment of consecutive days of emails and phone calls and visits to the property from 21st Mortgage representatives during times of defaults and reported medical hardships. Representatives with vocal discourse in accepting payments to bring loan current or allow payoff during last months of phone communications."

Appellants, however, did not properly raise any of these issues in response to the motion for summary judgment in the trial court and, thus, we may not consider them on appeal as grounds for reversing the trial court's final judgment.[2] *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (explaining that with exception of attack on legal sufficiency of grounds raised in motion for summary judgment, nonmovant "must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement" and "must present

---

[2] To the extent that Appellants orally raised any of the issues during the hearing on the summary judgment that they raise in their briefing here, they did not comply with the Texas Rules of Civil Procedure for responding to a motion for summary judgment, and we cannot consider the issues as grounds for reversing the trial court's final judgment. *See* Tex. R. Civ. P. 166a(c); *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022) (observing that reporter's record of hearing on motion for summary judgment is generally unnecessary for appellate purposes because "issues, grounds, and testimony in support of and in opposition to summary judgment may not be presented orally"); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex. 1993) (explaining that "grounds for summary judgment and the issues defeating entitlement thereto must be in writing and before the trial court at the hearing" and that "to permit grounds and issues to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing" (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979))).

summary judgment proof when necessary to establish a fact issue" or nonmovant "may not later assign them as error on appeal").   On this basis, we overrule their remaining issues.

## CONCLUSION

Having overruled Appellants' issues, we affirm the trial court's final judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   September 30, 2022